**EMPLOYERS INSURANCE OF WAUSAU, Plaintiff,**

v.

**FEDERAL DEPOSIT INSURANCE CORP., et al., Defendants.**

**No. CIV-3-85-312.**

United States District Court,
E.D. Tennessee, N.D.

July 21, 1986.

Paul T. Gillenwater, Knoxville, Tenn., Howard M. Garfield, Long & Levit, San Francisco, Cal., for plaintiff.

Glen R. Claiborne, Knoxville, Tenn., for Creed A. Daniel.

Joe Nicholson, Nicholson, Hickman & Brown, Maryville, Tenn., for Emmet Foster.

Archie R. Carpenter, Knoxville, Tenn., for Robert L. Huber.

W. Zane Daniel, pro se.

Judy Pinkston McCarthy, Morton, Lewis, King & Krieg, Knoxville, Tenn., for FDIC.

Harold B. Stone, Stone & Hinds, P.C., Knoxville, Tenn., for J. Ailor, G. Callaway, A. Rhodes, O.B. Rutherford, C. Rutherford, K. Scarbro, W. Ken Warren, J.T. McCusker, A. Phillips, C. Tindell, T.L. Moore and W.M. Mullins.

Jack B. Draper, Arnett, Draper & Hagood, Knoxville, Tenn., for Lyle Finley.

Michael J. Hickie, Weller, Miller, Carrier, Miller & Hickie, Johnson City, Tenn., for William M. Rutherford.

David E. Rodgers, Kramer, Johnson, Rayson, McVeigh & Leake, Knoxville, Tenn., for Richard S. Childs.

John W. Baker, Jr., James T. Shea, IV, Knoxville, Tenn., for R. Stephen Hagood.

Marilyn Hudson, Asst. U.S. Atty., Patrick J. McDivitt, Bd. of Governors of Fed. Reserve System, Washington, D.C., for U.S.

Charles D. Susano, Jr., Bernstein, Susano & Stair, Knoxville, Tenn., for Harold K. Hahn.

Jon E. Jones, Cookeville, Tenn., for William E. Newman.

W.J. Michael Cody, John Knox Walkup, Elizabeth F. Meyer, Nashville, Tenn., for Tenn. Commissioner of Finan Inst.

Gerard M. Siciliano, Chattanooga, Tenn., for Aetna.

## ORDER ADOPTING MAGISTRATE'S REPORT

GIBBONS, District Judge.

On June 17, 1986, the magistrate filed his report and recommendation recommending that the plaintiff's motion to certify a de-

fendant class action be denied. No objections to the report have been filed.

The court has reviewed the magistrate's report and recommendation and the entire record pertaining to the motion and hereby adopts the magistrate's report.

Further, the court notes that since no objections have been filed, adoption of the report without further review is also appropriate. *United States v. Walters,* 638 F.2d 947 (6th Cir.1981). *See also Thomas v. Arn,* — U.S. —, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Patterson v. Mintzes,* 717 F.2d 284 (6th Cir.1983); Fed.R.Civ.P. 72(b).

IT IS SO ORDERED.

## REPORT AND RECOMMENDATION

ROBERT P. MURRIAN, United States Magistrate.

This matter is before the undersigned United States Magistrate pursuant to an Order of Reference and 28 U.S.C. § 636(b)(1)(B) and (C) for a report and recommendation regarding disposition by the Court of the plaintiff's motion to certify a defendant class action.

This is a suit for declaratory judgment in which the plaintiff seeks a declaration that the liability insurance policy insuring the officers and directors of City and County Bank of Knox County against wrongful acts in their individual or collective capacities is void as of its inception because it was induced by material misrepresentations. The plaintiff has named as party defendants the FDIC, and some twenty-two individual directors and officers against whom claims have been made by the FDIC or Aetna Casualty Company, issuer of the banker's blanket bond in related lawsuits. The plaintiff seeks to certify as a defendant class,

all persons who were, now, are or shall be duly elected directors or officers of the City and County Bank of Knox County and who suffer or will suffer a loss (as defined in the policy) as a result of claims made against them in connection with the failure of C & C Knox.

If the plaintiff fulfills the requirements of Rule 23, F.R.Civ.P., a court may certify a defendant as well as a plaintiff class. *See, e.g., Northwestern National Bank of Minneapolis v. Fox & Co.,* 102 F.R.D. 507, 510 (S.D.N.Y.1984); *Thillens, Inc. v. Community Currency Exchange Ass'n of Illinois,* 97 F.R.D. 668, 673 (N.D.Ill.1983); *see also Doss v. Long,* 93 F.R.D. 112, 115 (N.D. Ga.1981) and cases therein cited.

Both the FDIC and the individual defendant officers and directors have filed memoranda in opposition to plaintiff's motion, asserting that the plaintiff has failed to meet the requirements of Rule 23, F.R. Civ.P. For purposes of determining class certification, the allegations are taken as true and the merits of the complaint are not examined. *Eisen v. Carlisle & Jacqueline,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974).

Rule 23 sets forth the requirements which must be met for class certification, making no distinction between plaintiff and defendant classes. The proposed defendant class must satisfy all the requirements of F.R.Civ.P. 23(a) and one of the requirements of F.R.Civ.P. 23(b). *Lynch Corp. v. MII Liquidating Co.,* 82 F.R.D. 478, 481 (D.S.D.1979). For purposes of this report and recommendation only, the undersigned will assume, although not deciding, that the prerequisites for class certification, specified in Rule 23(a) are satisfied. The plaintiffs have moved for certification under Rule 23(b)(1) or (b)(3) and only the requirements of these subsections will be addressed.[1]

### *Rule 23(b)(1)(A)*

The undersigned is of the opinion that requirements of 23(b)(1)(A) have not been met in this instance. Rule 23(b)(1)(A) authorizes a class action when "the prosecu-

tion of separate actions would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class." Thus, this portion of the rule focuses on whether individual actions would create a risk of incompatible standards of conduct for the non-class party, in this case the plaintiff.

As the defendants point out, case law has established that Rule 23(b)(1)(A) does not include a situation in which the risk of inconsistent results in a series of individual actions would only mean that the nonclass party might prevail in some cases and not in others, and therefore have to pay damages to some claimants but not to others. *See, e.g., Bogosian v. Gulf Oil Corporation,* 62 F.R.D. 124 (E.D.Pa.1973); *Walker v. Houston,* 341 F.Supp. 1124, 1131 (S.D. Tex.1971); 3B *Moore's Federal Practice* ¶ 23.35[1] at 23–272 (1985). The advisory committee notes make it clear that the situation in which a party is faced with inconsistent results requiring it to pay some class members but not others is covered by Rule 23(b)(3) not Rule 23(b)(1). *See* Advisory Committee Note of 1966 to Rule 23(b)(3). The risk of "incompatible standards of conduct" which Rule 23(b)(1)(A) was designed to protect against involves situations where the non-class party does not know, because of inconsistent adjudications, whether or not it is legally permissible for it to pursue a certain course of conduct.[2] Thus, Rule 23(b)(1)(A) is designed to protect against the nonclass party's being placed in a stalemated or conflicted position and is applicable only to actions in which there is not only a risk of inconsistent adjudications but also where the nonclass party could be sued for *different and incompatible affirmative relief. Abramovitz v. Ahern,* 96

---

**1.** The Sixth Circuit's holding in *Thompson v. Board of Education of Romeo Community Schools,* 709 F.2d 1200, 1204 (6th Cir.1983) clearly eliminates from consideration the certification of a defendant class under Rule 23(b)(2). (Rule contemplates certification of a plaintiff class against a single defendant, not the certification of a defendant class.)

**2.** This particularly obtains where the nonclass party is obliged by law to treat the class members alike. *See* 7A Wright & Miller, *Federal Practice and Procedure, Civil* § 1773 (Supp. 1985).

F.R.D. 208, 215 (D.Conn.1982) (emphasis added). For example, if voter registration applicants were to sue individually some might prevail against the Election Board while others might lose. This would put the Election Board in a conflicted position because it would never be certain whether or not to register the affected applicants. *See Shivelhood v. Davis,* 336 F.Supp. 1111 (D.Vt.1971). . *See also, Stewart v. Butz,* 356 F.Supp. 1345 (D.Ky.1973), *aff'd per curiam,* 491 F.2d 165 (6th Cir.1974) (action to adjudicate rights of food stamp recipients should be certified as class action under Rule 23(b)(1)(A) to extend same relief to all in class). Similarly, when the constitutionality or statutory propriety of some term of a municipal bond is challenged, the municipality could be forced into "incompatible courses of conduct" if some courts ordered the bond issue discontinued and others did not. If the risk of inconsistent results materializes, the municipality is placed in a conflicted position, not knowing whether or not it is legal to issue the bonds. *See* Comment, *Rule 23, Categories of Subsection (b),* in *The Class Action—A Symposium, 1969.* 10 B.C.Ind. & Com.L. Rev. 539, 540 (1969).

The plaintiff's reliance on *Itel Securities Litigation,* 89 F.R.D. 104 (W.D.Calif.1981) as authority for certifying the defendant class in this case under Rule 23(b)–(1)(A) is unpersuasive. *Itel* involved a plaintiff class of debenture purchasers, suing for violations of both § 11 (material misrepresentations or omissions in the Registration Statements) and § 12(2) (material misrepresentations or omissions in the prospectuses) of the Securities Act of 1933. Plaintiff sought certification of the defendant classes of underwriters on both claims. The question of material misrepresentations or omissions in the statement and prospectus was identical to both causes of action. *Id.* at 125. After certifying the defendant class under Rule 23(b)(3) for purposes of the § 11 claim, *id.* at 114, the *Itel* Court determined that the certification re-

quirements under 23(b)(1)(A) were satisfied as to the § 12(2) claim. In a somewhat unclear opinion, the *Itel* Court reasoned that failure to certify the defendant class on the § 12(2) claim issue of misrepresentation would result in the plaintiffs' having to pursue individually their § 12(2) claims, which could lead to the plaintiffs' obtaining one determination regarding the statements in the § 11 claim and a different determination regarding these statements in each plaintiff's § 12(2) claim against his immediate underwriter. The *Itel* Court distinguished the *LaMar* line of cases denying 23(b)(1)(A) class certification on the basis that those cases only involved potentially inconsistent adjudications between various plaintiffs whereas in *Itel* there was a risk that "the very same plaintiff would be suffering inconsistent adjudications on the same issue against the same defendant...." *Id.* at 125. The undersigned does not find this to be persuasive authority for class certification of defendant directors and officers in this case. *Itel* involved two causes of action turning on the same essential facts.[3] The *Itel* Court distinguished its situation from the very situation prevailing in the instant case; that is, where the risk is merely a risk of differing outcomes to the various claimants pursuing individual claims governed by the same issue. "The fact that some plaintiffs may be successful in their suits against a defendant while others may not is clearly *not a* ground for invoking Rule 23(b)(1)(A)." *In re Bendectin Products Liability Litigation,* 749 F.2d 300, 305 (6th Cir.1984) (citations omitted). As discussed above, the kind of incompatibility which Rule 23(b)(1)(A) is designed to prevent is something greater than inconsistent adjudications. Rather, it is inconsistent adjudications which would result in the nonclass party's being required to follow incompatible courses of continuing conduct. *LaMar v. H & B Novelty & Loan Company,* 489 F.2d 461, 466 (9th Cir.1973).

---

**3.** Thus, any one member of the plaintiff class faced the risk of one determination on the § 11 claim and a different determination on the same issue in the § 12(2) claim individually pursued.

In this case, legal relations between the plaintiff, Wausau, and the individual officers and directors are not such that compliance with any judgment, *i.e.* denying coverage would preclude Wausau's compliance with another judgment directing payment of a different officer's or director's claim. Accordingly, it is the opinion of the undersigned that this case does not fall within the contemplation of Rule 23(b)(1)(A). *See McDonnell Douglas Corp. v. U.S. District Court,* 523 F.2d 1083 (9th Cir.1975), *cert. denied,* 425 U.S. 911, 96 S.Ct. 1506, 47 L.Ed.2d 761 (1976); *Abramovitz v. Ahern,* 97 F.R.D. at 215 and cases therein cited.

### *Rule 23(b)(1)(B)*

Wausau also contends that the requirements of Rule 23(b)(1)(B) are satisfied because the precedential impact of this lawsuit will effectively dispose of or prejudice the rights of the unnamed class members.

In order to warrant class certification under this subsection there must be a risk that the adjudications as to individual members of the class "as a practical matter" will be dispositive of the interests of the other class member or "impair or impede their ability to protect their interests." Rule 23(b)(1)(B). Thus, this portion of the Rule focuses on the putative class members and seeks to protect against situations where the individual members would be prejudiced by individual actions as opposed to class treatment of the dispute such as determination of the distribution of a limited fund, or shareholder's suits for remedies not falling within Rule 23.1 or multi-forum patent infringement suits. *See generally,* 7A Wright & Miller, *Federal Practice and Procedure, Civil* § 1774 (1972). The thrust of plaintiff's argument is that the *stare decisis* effect of the decision in this case justifies certification under this subsection. While there is some split of authority on this issue, *see* Note, *Defendant Class Action,* 91 Harv.L.Rev. 630, 634 n. 22 (1978), the majority rule is that 23(b)(1)(B) is not applicable simply because a legal precedent may be established, *Goldman v. First National Bank of Chicago,* 56 F.R.D. 587, 591 (N.D.Ill.1972), and that the *stare decisis* effect of individual adjudications, without more, will not support certification of class action under this subsection. *Landau v. Chase Manhattan Bank,* 367 F.Supp. 992 (S.D.N.Y.1973); *Mudd v. Busse,* 68 F.R.D. 522, 530 (N.D.Ind.1975); *LaMar v. H & B Novelty,* 489 F.2d at 467; *Kekich v. Travelers Indemnity Co.,* 64 F.R.D. 660, 667 (W.D.Pa.1974); *In re Arthur Treacher's Franchise Litigation,* 93 F.R.D. 590, 593 (E.D.N.Y.1982). Some "dispositive impact more in the nature of a legal necessity traceable to a joint or common right, such as disposition of a property interest which could not subsequently be recaptured, or one of the other recognized impacts is required." 3B *Moore's Federal Practice* ¶ 23.35 [2] at 23–281 (1985). "If the individual action *inescapably* will alter the rights of others having similar claims, ... the situation falls within Rule 23(b)(1)(B)." *LaMar v. H & B Novelty,* 489 F.2d at 467 (emphasis added).[4]

It appears to the undersigned that it has only been in the area of multi-forum patent infringement suits that the courts have granted class certification due to the weight one court may give to another court's determination on questions of patent validity, misuse and fraud. *See, e.g., Technograph Printed Circuits, Ltd. v. Methode Electronics, Inc.,* 285 F.Supp. 714, 723 (N.D.Ill.1968); *Dale Electronics, Inc. v. R.C.L. Electronics,* 53 F.R.D. 531 (D.N.H.1971); *Research Corp. v. Pfister Associated Growers, Inc.,* 301 F.Supp. 497, 500 (N.D.Ill.1969), *appeal dismissed sub nom., Research Corp. v. Asgrow Seed Co.,* 425 F.2d 1059 (7th Cir.1970). However, these decisions reflect that factors such as

---

**4.** Issue preclusion could not be asserted *against* the unnamed officers and directors in any subsequent action. Collateral estoppel [which] prevents a party from relitigating a question put in issue and conclusively determined against that party, only applies where the party had a full and fair opportunity to litigate the issue in the first action. *See, e.g., Allen v. McCurry,* 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980); *Clay v. Johns Manville Sales Corp.,* 722 F.2d 1289, 1295 (6th Cir.1983), *cert. denied,* 467 U.S. 1253, 104 S.Ct. 3537, 82 L.Ed.2d 842 (1984).

the inherent difficulty of the subject matter in patent cases and the expense involved have lead these courts to reason that a later court would probably accord great weight to its decision on the same subject matter, and impede the ability of the non-party class members to protect their interests. *Pfister,* 301 F.Supp. at 500. Furthermore, in these patent cases, given the sensitivity of the marketplace, individual adjudications adverse to the interests of a class of alleged infringers could, *as a practical matter,* be dispositive of the rights of other retailers, manufacturers or wholesalers, and accordingly warrant certification under Rule 23(b)(1)(B).

However, in this instance, the plaintiff has not shown that this court's decision as to the named defendants would as a practical matter be dispositive of other officers and directors not parties to this adjudication.

### *Rule 23(b)(3)*

The plaintiff also contends that if class certification is not permitted under 23(b)(1) then it should be granted under 23(b)(3) which only requires a finding (1) that the common questions of law or fact predominate over any questions affecting only individual members and (2) that the class action is superior to other available methods for the fair and efficient adjudication of the controversy. Rule 23(b)(3), F.R.Civ.P.

The defendants contest this certification under the provisions of 23(b)(3) on a number of grounds, not the least of which is that the plaintiff has failed in its complaint to allege facts necessary for certification under Rule 23(b)(3).

Review of the complaint reveals that the plaintiff presented allegations for certification under Rule 23(b)(1) and/or (2). However, the plaintiff has moved for certification under 23(b)(1) or (b)(3). The question of certification under 23(b)(3) has been thoroughly examined and briefed by all parties, and review of the complaint reflects factual allegations sufficient to meet the pleading requirements of Rule 23(b). *See* 3B *Moore's Federal Practice,* ¶ 23.02–2

(1985) at 23–89—23–92 ("pleading initiating the class action should allege the existence of the necessary facts showing that the prerequisites of subdivision (a) are satisfied, ... and that the action falls within at least one of three categories of class actions enumerated in subdivision (b)").

More critical in the undersigned's view to consideration of a 23(b)(3) class certification is the fact that the officers and directors have indicated that many or all of them may, as permitted by Rule 23(c)(2), request exclusion from a class certified under 23(b)(3). It is well settled that in a (b)(3) class action the judgment includes only those persons to whom the notice required by Rule 23(c)(2) has been directed, and who are found to be members of the class because they have not requested exclusion therefrom after receiving notice. *Johnson v. City of Baton Rouge,* 50 F.R.D. 295, 300 (E.D.La.1970). All members of a class certified under (b)(3) have an absolute right to be excluded from the case if that right is exercised within the time specified in the 23(c)(2) notice. Indeed, one of the primary purposes of the notice requirement is to afford an opportunity for (b)(3) class members to avoid being bound by a class action judgment. *Sarasota Oil Co. v. Greyhound Leasing & Financial Corp.,* 483 F.2d 450, 452 (10th Cir.1973). There is nothing in the rule to indicate that the opt-out provision is not as applicable to members of a defendant class as it is to members of a plaintiff's class. *Kline v. Coldwell Banker & Co.,* 508 F.2d 226, 238 (9th Cir.1974) (Duniway, J., concurring), *cert. denied,* 421 U.S. 963, 95 S.Ct. 1950, 44 L.Ed.2d 449 (1975). The prospect of an entire class opting out of the suit has caused some courts to comment (in dicta) that (b)(3) is not suited to defendants' classes. *In re Gap Stores Securities Litigation,* 79 F.R.D. 283, 306 (N.D.Calif.1978) (dicta); *see also Kline v. Coldwell Banker & Co.,* 508 F.2d at 238, *Guy v. Abdulla,* 57 F.R.D. 14, 17 (N.D.Ohio 1972). However, this observation has not deterred courts from certifying defendant classes under 23(b)(3), *see, e.g., In re Gap Stores Securi-*

ties, id.; In re Itel Securities Litigation, 89 F.R.D. at 114. These courts have relied upon the plaintiffs and the circumstances of the litigation to provide sufficient disincentives to prevent the defendants from opting out. See In re Gap Stores, 79 F.R.D. at 306. The undersigned has found no cases directly dealing with the rights of the parties where defendants have elected to be excluded from a defendant class. It is clear, however, that one of the purposes for permitting plaintiffs to opt out of a plaintiff class is to permit them to litigate their own claims, Sarasota Oil Co., 483 F.2d at 452, and cases therein cited; and plaintiffs opting out of one class action have been permitted to later assert their rights by way of a second class action since "the effect of a dismissal without prejudice [from the first class action] is to return the party to the position enjoyed prior to suit, absent conditions and notice to the parties of the condition." Herbert v. Monsanto Co., Texas City, Texas, 576 F.2d 77, 80 (5th Cir.1978) (vacated on other grounds), 580 F.2d 178 (5th Cir.1978). The Court's discussion in In re Gap Securities Litigation of the possible lawsuits which that plaintiff could bring against defendants opting out further suggests that parties in that status are merely restored to the positions occupied prior to suit. 79 F.R.D. at 306.

It was in an effort to avoid these problems inherent in situations where class members may opt out that the rule developed that where an action could be certified under (b)(1) and/or (b)(2), and also under (b)(3), the court should certify the class under (b)(1) and/or (b)(2) where the opt out provision does not apply. See Reynolds v. National Football League, 584 F.2d 280, 284 (8th Cir.1978), and cases therein cited. See also 3B Moore's Federal Practice, ¶ 23.31 [3] at 23–262 (2d ed. 1985); 7A C. Wright & A. Miller, Federal Practice and Procedure § 1772 at 7 (1972).

Several other factors militate against a finding of superiority regarding this requested 23(b)(3) certification. The Sixth Circuit's unambiguous holding in Thompson v. Board of Education of Romeo Community Schools, noted above, that defendant classes may not be certified under Rule 23(b)(2), certainly at least suggests that defendant class certification may no longer be appropriate in this Circuit under any 23(b) subsection where only injunctive or declaratory relief is sought.

Furthermore, the policy considerations warranting defendant class certification in the securities cases relied upon by the plaintiff are just not operative in this instance. As one District Court noted in its discussion of why class actions have been more readily approved in securities cases than in antitrust cases, " 'The availability of the class action to redress [securities fraud] has been consistently upheld, ... in large part because of the substantial role that the deterrent effect of class actions plays in accomplishing the objectives of the securities laws.' Blackie v. Barrack, 524 F.2d 891, 903 (9th Cir.1975)." In re Gap Store Securities Litigation, 79 F.R.D. at 295.

The defendants in this lawsuit vow to opt out of any Rule (b)(3) class action that is certified. That will leave no one to represent the class. Without representation no class action is viable. See Rule 23(a)(4), F.R.Civ.P. Therefore, as a practical matter, I see no point in certifying such a class. In view of all these difficulties it cannot be said that a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Rule 23(b)(3), F.R.Civ.P.

It is therefore recommended that the plaintiff's motion to certify a defendant class action be DENIED.[5]

---

5. Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. See Thomas v. Arn, —— U.S. ——, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).