**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.,** Plaintiff,

v.

**MIDLAND BANCOR, INC., et al., Defendants.**

Civ. A. No. 93–2467–GTV.

United States District Court, D. Kansas.

Nov. 21, 1994.

Benjamin F. Mann, Terrance M. Summers, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, MO, Mary Jo Barry, D'Amato & Lynch, New York City, for Nat. Union Fire Ins. Co. of Pittsburgh, PA.

Richard D. Ralls, John W. McClelland, Christine L. Schlomann, King, Burke, Hershey, Farchmin & Schlomann, Kansas City, MO, for Midland Bancor, Inc., Midland Bank.

John S. Torkelson, Resolution Trust Corp., Overland Park, KS, Richard T. Donovan, Patricia J. Heritage, Rose Law Firm, Little Rock, AR, Anthony M. Whalen, Kimberly K. Noble, Fields & Brown, Kansas City, MO, for Resolution Trust Corp. as conservator for Pioneer Fed. Sav. and Loan Ass'n.

Charles A. Getto, Douglas M. Greenwald, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, Eugene J. Comey, Katherine Connor Linton, Paul S. Rosenzweig, Comey, Boyd & Luskin, Washington, DC, for F.D.I.C., as receiver for Midland Bank of Kansas, College Boulevard Nat. Bank, aka Midland Bank N.A. of Overland Park.

Richard D. Ralls, John W. McClelland, Christine L. Schlomann, King, Burke, Hershey, Farchmin & Schlomann, Kansas City, MO, Shawn E. DeGraff, Charles D. Lawhorn, David L. Polsley, Lawhorn, Simpson & Polsley, Kansas City, KS, for Country Hill Bank aka Midland Bank of Lenexa, Country Hill Bancshares Inc., Phil R. Acuff, John W. Acuff, Erwin D. Rhodes, Anthony C. Sommers.

Michael P. Joyce, Ronald D. Lee, James R. Wyrsch, Wyrsch, Atwell, Mirakian, Lee & Hobbs, Kansas City, MO, for Lee H. Greif.

Neil E. Sprague, pro se.

William Grimshaw, Grimshaw & Rock, Chartered, Olathe, KS, Bruce C. Houdek, James, Millert, Houdek, Tyrl & Sommers, Kansas City, MO, for Byron L. Dougherty.

Gregory M. Garvin, Thomas C. Brown, Brown, Nachman & Sader, P.C., Kansas City, MO, for Harold M. Sader.

Charles F. Marvine, Jr., Patrick M. Reidy, Dysart, Taylor, Penner, Lay & Lewandowski, P.C., Kansas City, MO, for Daniel F. Reardon.

Stephen J. Bradford, pro se.

Phillip E. Forrest, pro se.

Lawrence A. Rouse, Robert M. Thompson, Rouse, Hendricks, German, May & Shank, Kansas City, MO, for Bruce C. Rhoades, Phillip E. Forrest, Jon D. Grams, Ward A. Katz, Seymour Zeinfeld, Larry L. Campbell, Stephen M. Tranckino, Kendrick T. Wallace, Saul Ellis, Michael A. Azorsky, Melvyn Paul, James W. Sight.

Monte T. Grissom, pro se.

Gregory Kincaid, pro se.

Neil S. Sader, Thomas C. Brown, Brown, Nachman & Sader, P.C., Kansas City, MO, for Michael A. Azorsky.

Michael A. Azorsky, pro se.

Frederick H. Riesmeyer, II, J. Dale Youngs, Spradley & Riesmeyer, P.C., Kansas City, MO, for James M. Malouff, III, Jerome S. Metzger, dba Brywood Hills Associates, Great American Development Corp.

Vito C. Barbieri, Hoskins, King, McGannon & Hahn, Kansas City, MO, for Wayne Henry, Sandra Henry.

Gardiner B. Davis, Douglas M. Weems, Spencer, Fane, Britt & Browne, Kansas City, MO, for Vanguard Packaging Inc.

W. Perry Brandt, Tammy L. Womack, Stinson, Mag & Fizzell, Kansas City, MO, for Deloitte & Touche.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This case is before the court on plaintiff's motion, pursuant to Fed.R.Civ.P. 23, for certification of a defendant class action (Doc. 203). For the reasons set forth below, the motion is denied.

This is a suit for declaratory judgment in which plaintiff National Union Fire Insurance Company of Pittsburgh, Pa. (National Union) seeks a declaration that the directors' and officers' liability policy (the "Policy") which it issued to Midland Bancor, Inc., and its subsidiaries is rescinded because it was induced by material misrepresentations. Defendants include various financial institutions and their directors and officers who were all insured under the Policy. Also named as defendants are certain individuals and entities who either have made or potentially will make claims which fall within the Policy's scope of coverage. On April 2, 1993, three of the financial institutions were declared insol-

vent and placed in receivership under either the Resolution Trust Corporation (RTC) or Federal Deposit Insurance Corporation (FDIC). The RTC and FDIC have been appointed as conservators of the financial institutions involved, and they are also named as defendants.

National Union seeks to have two defendant classes certified. Class I would consist of all persons who are or ever were directors or officers of the financial institutions, who have or may in the future make claims which might fall within the scope of coverage of the Policy. Class II would consist of all persons or entities who have made or may in the future make claims against the directors and officers which might fall within the scope of the Policy's coverage. National Union apparently is proposing that the FDIC, and presumably the other institutional defendants, could fit into either class or could proceed as nonclass defendants. *See* National Union's Response to FDIC's Memorandum in Opposition (Doc. 240) at 14.

## I. Factual Background

National Union Fire Insurance Company of Pittsburgh, Pa., ("National Union") issued the Policy, a $7 million directors' and officers' liability insurance policy, to Midland Bancor, Inc., with an effective period from July 1, 1992, to July 1, 1993. The Policy is a "claims made" policy, covering claims actually made during the policy period or claims made after the policy period has expired for which notice of circumstances that may give rise to claims had been provided during the policy period. The insureds under this policy included: Midland Bancor, Inc., Midland Capital Corp., Midland Bank, Midland Bank of Kansas, Midland Bank of Lenexa, Midland Bank, N.A., of Overland Park, Pioneer Financial Corp., Pioneer Federal Savings & Loan Association, Country Hill Bancshares, Inc., Concord Bancshares, Inc., TIC, Inc. (the "Institutions"), and all of the officers and directors of those financial institutions.

The complaint states two counts for declaratory relief. Count I seeks a declaratory judgment rescinding the Policy. National Union alleges that in applying for the Policy the defendant institutions represented and warranted that no director or officer had knowledge or information of any act, error, or omission that might give rise to a claim under the policy. National Union contends that these representations were materially false and misleading, and that in fact the directors and officers of the institutions were aware of numerous possible claims that could arise out of their acts or omissions. Count II seeks a declaration that no coverage exists for certain claims that may be made in the future because of various policy exclusions, including a "regulatory exclusion" endorsement. National Union's proposed class certification would apply only to its claim for rescission set forth in Count I.[1]

Pursuant to Fed.R.Civ.P. 23(c)(4), National Union seeks certification of two defendant subclasses. The first subclass (Class I) would consist of all persons who are or ever were directors or officers of the Institutions, and who have made or may in the future make claims that fall within the scope of coverage of the Policy. National Union has proposed that the directors and officers named as defendants in the complaint be designated to represent this class. The second subclass (Class II) would consist of all persons or entities who have made or may in the future make claims against the directors and officers of the Institutions which might fall within the scope of coverage of the Policy. National Union has proposed that defendants James M. Malouff and Jerome S. Metzger, both doing business as Brywood Hills Associates, Great American Development Corp., Wayne Henry, Sandra Henry, Vanguard Packaging, Inc., and MG Properties be designated as representatives for Class II.

National Union has not made a specific proposal for placing the institutional defendants, including the FDIC and the RTC, in either subclass or in a separate subclass. In reply to the FDIC's opposition to the class certification, National Union stated that the institutional defendants could be placed in Class I, or the FDIC, and presumably the

---

1. Although National Union initially sought certification of Count II, it has withdrawn that re-

quest. *See* Pl.'s Reply to Opp'n of Individual Def.'s (Doc. 220) at 1.

RTC,[2] could be placed both classes, or they could proceed as a nonclass defendant. *See* Pl.'s Resp. to FDIC's Mem. in Opp'n to Certification of Defendant Class (Doc. 240) at 14.

National Union claims that it has not been able to identify all the directors and officers who may fall into the proposed Class I. At the time of the application for the Policy, a total of 77 persons were identified as current directors and officers of the Institutions. National Union estimates that the total number of persons who may be members of proposed Class I is between one and two hundred. Those defendants identified as potential Class II members are currently involved in litigation against one or more of the insured officers and directors. Those pending lawsuits allege wrongful acts that may be covered under the Policy. National Union has no estimate as to the identity or estimated number of persons who may in the future bring claims that could be covered by the Policy.

## II. Analysis

The decision whether to certify a class action pursuant to Fed.R.Civ.P. 23 is a two-step process. First, the proposed class must satisfy each of the four prerequisites of subsection (a): (1) numerosity of class members; (2) common questions of law or fact among the class members; (3) typicality of the claims or defenses of the representative parties in relation to the other class members; and (4) adequacy of representation by the representative parties. Fed.R.Civ.P. 23(a). Second, after meeting all four of these pre-requisites, the proposed class action must fit within at least one of the three categories described in subsection (b).

As the party seeking class certification, plaintiff has the burden to show that the requirements of Rule 23 are satisfied. *Rex v. Owens ex rel. Oklahoma,* 585 F.2d 432, 435 (10th Cir.1978). In addition, a plaintiff must satisfy the class action requirements for each subclass separately before they can be certified pursuant to Fed.R.Civ.P. 23(c)(4). *Retired Chicago Police Ass'n v. City of Chicago,* 7 F.3d 584, 599 (7th Cir.1993).

The certification of a class action rests in the district court's sound discretion. *Anderson v. City of Albuquerque,* 690 F.2d 796, 799 (10th Cir.1982). In making its determination, a court is not allowed to inquire into the merits of the case. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974). Instead, the court must conduct a "rigorous analysis" of whether the proposed class action satisfies the prerequisites of Rule 23. *General Tel. Co. of Southwest v. Falcon,* 457 U.S. 147, 155, 102 S.Ct. 2364, 2369, 72 L.Ed.2d 740 (1982).

National Union contends that the two subclasses it seeks to have certified meet all four prerequisites of subparagraph (a), and in addition fit into either subsection (b)(1) or (b)(2).[3] Because the court finds, as explained below, that the proposed classes do not fit into either category, the prerequisites of subsection (a) will not be addressed. The requirements of subsections (b)(1) and (b)(2) will be discussed separately.

2. At the time this issue was being briefed, the court had dismissed Count I as against the RTC. Upon reconsideration, Count I was reinstated against the RTC. *See* Memorandum and Order dated November 14, 1992 (Doc. 302). Because of the court's holding on the plaintiff's motion for class certification, additional briefing regarding the RTC's position is not necessary.

3. National Union has not argued that the two subclasses meet the criteria of Fed.R.Civ.P. 23(b)(3). This subsection provides for class certification if common questions of law or fact predominate over individual questions, and the class action device is "superior" to other methods of adjudication. Presumably, National Union has not proposed to certify the classes under subsection (b)(3) because the members of a (b)(3) class must be notified of the pending action and allowed to exclude themselves from the class within a specified time period, pursuant to Fed. R.Civ.P. 23(c)(2). Since a number of the defendants in this case oppose class certification, it is highly unlikely that they would not exercise their "opt out" option and thus defeat many of the advantages of class certification. Even if National Union had argued for certification under subsection (b)(3) the court would have rejected such a proposal because the likelihood of many potential class members, including class representatives, opting out defeats a finding that the class action device would be the superior method of adjudication.

## A. Rule 23(b)(1)

The court finds that the requirements of Rule 23(b)(1) have not been met in this case. In reaching this conclusion, the court relies heavily on the analysis of the court in *Employers Ins. of Wausau v. Federal Deposit Ins. Corp.*, 112 F.R.D. 52 (E.D.Tenn.1986). That case was also brought by an insurer seeking a declaration that its policy insuring the officers and directors of a bank against wrongful acts was void. The district court held that certification of the directors and officers as a defendant class was inappropriate under Rule 23(b)(1). *Id.* at 54–57.

Under Rule 23(b)(1), an action may be maintained as a class action if the prerequisites of subsection (a) are met and in addition:

> (1) the prosecution of separate actions by or against individual members of the class would create a risk of

> (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

> (B) adjudication with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests ...

Fed.R.Civ.P. 23(b)(1).

■ As a preliminary matter, the court notes that while Rule 23 does not explicitly address whether a defendant class may be certified, subsection (b)(1) contains language which indicates that the subsection is applicable to defendant class certification. *See* Fed.R.Civ.P. 23(b)(1) ("the prosecution of separate actions by or against individual members"). In addition, subsection (b)(1) does not allow for class members to opt out as does subsection (b)(3). As a result, certification under (b)(1) would appear to be viable for both plaintiff and defendant classes.

■ At the threshold, class certification under Rule 23(b)(1) requires a finding that separate actions would ensue if a class is not certified. *In re Dennis Greenman Sec. Litig.*, 829 F.2d 1539, 1544 (11th Cir.1987). The court is not convinced that the task of joining all potential defendants in this declaratory judgment action is an impossible one for National Union. The identities of directors and officers insured under the Policy should be ascertainable through discovery. In addition, the Policy covers only claims made, or potential claims of which National Union was notified, during the policy period. Thus, the identities of most claimants would also be known at this time. The court recognizes, however, that because of the broadly worded notices that National Union has received, there still may be claims covered under the Policy which will be made in the future by currently unknown claimants. Thus, there is a possibility of some separate actions relating to the Policy's validity and coverage.[4]

Rule 23(b)(1) is divided into two clauses, (b)(1)(A) and (b)(1)(B), both of which address situations in which there would be a risk of inconsistent adjudications if multiple individual actions were pursued. The (b)(1) criteria can be met under either clause (A) or clause (B), and these will be discussed separately.

### 1. Rule 23(b)(1)(A)

The first type of (b)(1) class actions deals with the risk of separate adjudications to the party opposing the class, in this case the plaintiff. Rule 23(b)(1)(A) authorizes a class action when "the prosecution of separate actions ... would create a risk of inconsistent or varying adjudications with respect to individual members of the class [defendants] which would establish incompatible standards of conduct for the party opposing the class [the plaintiff]."

National Union argues that certification under Rule 23(b)(1)(A) is appropriate because without class certification National Un-

---

4. National Union cites several actions now pending against former directors or officers of the Institutions which may result in claims against the Policy. These, however, are not the type of separate actions that would justify class certification under Rule 23(b)(1) since the parties involved could all be joined (and presumably have been) in this declaratory judgment action.

ion could be forced to litigate multiple declaratory judgment actions, each having the potential to produce an inconsistent judgment. Defendants not joined in a particular declaratory judgment action would not be bound by an adverse judgment against another defendant.

■ To satisfy the requirements of Rule 23(b)(1)(A), there must be more than the mere possibility that inconsistent judgments and resolutions of identical questions of law would result if numerous actions are conducted instead of one class action. *In re Bendectin Products Liability Litig.*, 749 F.2d 300, 305 (6th Cir.1984); *McDonnell Douglas Corp. v. U.S. District Court*, 523 F.2d 1083, 1086 (9th Cir.1975), *cert. denied*, 425 U.S. 911, 96 S.Ct. 1506, 47 L.Ed.2d 761 (1976). The requirements were summarized by the court in *Employers Insurance of Wausau* as follows:

> The advisory committee notes make it clear that the situation in which a party is faced with inconsistent results requiring it to pay some class members but not others is covered by Rule 23(b)(3) not Rule 23(b)(1). *See* Advisory Committee Note of 1966 to Rule 23(b)(3). The risk of "incompatible standards of conduct" which Rule 23(b)(1)(A) was designed to protect against involves situations where the non-class party does not know, because of inconsistent adjudications, whether or not it is legally permissible for it to pursue a certain course of conduct. Thus, Rule 23(b)(1)(A) is designed to protect against the nonclass party's being placed in a stalemated or conflicted position and is applicable only to actions in which there is not only a risk of inconsistent adjudications but also where the nonclass party could be sued for *different and incompatible affirmative relief.*

112 F.R.D. at 54 (citing *Abramovitz v. Ahern*, 96 F.R.D. 208, 215 (D.Conn.1982)).

A reading of National Union's arguments made in support of Rule 23(b)(1)(A) certification leads to the conclusion that certification under this provision is not appropriate. National Union is claiming that if there were separate suits, it might win some and lose others. As stated above, class certification under Rule 23(b)(1)(A) is not intended to address this type of risk.

### 2. Rule 23(b)(1)(B)

■ The second type of (b)(1) class action deals with the risk of separate adjudications to the individual members of the class. Rule 23(b)(1)(B) authorizes class certification when "the prosecution of separate actions ... would create a risk of adjudications with respect to individual members of the class [defendants] which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests."

While Clause (A) of Rule 23(b)(1) deals with the risk of inconsistent or varying adjudications to the party opposing the class, in this case the plaintiff, Clause (B) addresses the risk of separate adjudications to individual members of the class, in this case defendants, including potential defendants who are not joined in this action. An example of class certification under Clause (B) is a case in which numerous parties are making claims against a fund that is insufficient to satisfy all claims, and thus satisfaction of one claim would impair the interests of other claimants. *See* 3B James W. Moore and John E. Kennedy, *Moore's Federal Practice*, ¶ 23.35[2] at 23–251 (1993).

National Union claims that a judgment declaring the Policy void would, as a practical matter, be dispositive of the rights of any nonparty insured or nonparty claimant to coverage under the Policy. *See* Mem. in Support of Pl.'s Motion for Certification of Def. Class (Doc. 204) at 12. It is, however, not clear how such a judgment would be dispositive of the rights of any nonparty, since it would not be binding on that party. National Union may argue that such a judgment would have precedential or stare decisis effect on later cases, but it is generally recognized that this is not sufficient in itself to support class certification under Rule 23(b)(1)(B).[5] *See In re Dennis Greenman*

---

5. An exception to this rule may exist in the area

of multi-forum patent infringement cases in

*Sec. Litig.,* 829 F.2d 1539, 1546 (11th Cir. 1987) (citing *Larionoff v. United States,* 533 F.2d 1167, 1181 n. 36 (D.C.Cir.1976), *aff'd,* 431 U.S. 864, 97 S.Ct. 2150, 53 L.Ed.2d 48 (1977); *La Mar v. H & B Novelty & Loan Co.* 489 F.2d 461, 467 (9th Cir.1973)).

The court concludes that National Union has not established that class certification under Rule 23(b)(1)(B) is appropriate.

### B. Rule 23(b)(2)

■ National Union also argues that class certification is appropriate under Fed. R.Civ.P. 23(b)(2). After careful consideration, the court concludes that the facts of this case do not meet the requirements of Rule 23(b)(2).

Under Rule 23(b)(2), an action may be maintained as a class action if the prerequisites of subsection (a) are met and in addition:

> the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole ...

Fed.R.Civ.P. 23(b)(2).

The language of subsection (b)(2) does not make it clear whether this subsection provides for certification of defendant classes. While subsections (b)(1) and (b)(3) each contain language to indicate that those subsections could apply to defendant classes, the language in subsection (b)(2) does not include any comparable express authorization. This has led to opposing schools of thought on the issue of whether subsection (b)(2) authorizes defendant class actions.[6]

While a number of district courts have certified defendant classes under the authority of Rule 23(b)(2), the only Circuit Courts to address the issue have concluded that this subsection does not authorize defendant classes, or does so only in limited situations.[7] *See Henson v. East Lincoln Township,* 814 F.2d 410 (7th Cir.), *cert. granted,* 484 U.S. 923, 108 S.Ct. 283, 98 L.Ed.2d 244 (1987), *cert. dismissed,* —— U.S. ——, 113 S.Ct. 1035, 122 L.Ed.2d 111 (1993); *Thompson v. Board of Education,* 709 F.2d 1200 (6th Cir. 1983); *Paxman v. Campbell,* 612 F.2d 848 (4th Cir.1980), *cert. denied,* 449 U.S. 1129, 101 S.Ct. 951, 67 L.Ed.2d 117 (1981). The Tenth Circuit has not yet addressed the question.

The court concludes that the plain language of Rule 23(b)(2) precludes the use of that rule to certify a defendant class in a situation such as the one presented here. That plain language requires that the injunctive or declarative relief must be requested *against* the party opposing the class, in this case the plaintiff. "Although arguments have been made that certification of defendant class suits under Rule 23(b)(2) would be desirable, as well as consistent with the policies underlying the rule, the fact remains that the language is clear, and the better view is to restrict its applicability to plaintiff classes seeking injunctive relief." 7A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure,* § 1775 at 461–62 (1986).

### III. Conclusion

Plaintiff's motion to certify defendant classes must be denied. Even if plaintiff has carried its burden to establish that the pre-

---

which class certification has been granted due to the weight courts may give to another court's determination of patent validity, misuse, and fraud. *See Employers Ins. of Wausau,* 112 F.R.D. at 56 (citing cases).

**6.** Several commentators have concluded that Rule 23(b)(2) does not provide for defendant class certification. These include: Angelo N. Ancheta, Comment, *Defendant Class Actions and Federal Civil Rights Litigation,* 33 UCLA L.Rev. 283 (1985), and Note, *Federal Rules of Civil Procedure 23: A Defendant Class Action with a Public Official as the Named Representative,* 9 Val.U.L.Rev. 357 (1975). Those arguing in favor

of defendant class certification include: David H. Taylor, *Defendant Class Actions Under Rule 23(b)(2): Resolving the Language Dilemma,* 40 Kan.L.Rev. 77 (1991), and Scott D. Miller, Note, *Certification of Defendant Classes Under Rule 23(b)(2),* 84 Colum.L.Rev. 1371 (1984).

**7.** The Second Circuit did permit a defendant class under Rule 23(b)(2) in *Marcera v. Chinlund,* 595 F.2d 1231 (2d Cir.), *vacated on other grounds sub nom., Lombard v. Marcera,* 442 U.S. 915, 99 S.Ct. 2833, 61 L.Ed.2d 281 (1979), but the court did not discuss the issue in any detail.

requisites of Rule 23(a) are met, which the court has not decided, the defendant classes cannot be certified because they do not fit into any of the three categories set out in Rule 23(b).

Certification is not appropriate under Rule 23(b)(1). The mere possibility of inconsistent judgments is not sufficient to satisfy Clause (A) of Rule 23(b)(1), and the risk to other defendants envisioned by Clause (B) is also not present. Class certification is not permissible under Rule 23(b)(2) because declaratory relief is being sought by plaintiff and not by the proposed classes. Finally, plaintiff has not argued for certification under Rule 23(b)(3), but those requirements are not met either because the "opt out" requirement would preclude a finding that a class action would be the superior method of adjudication.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion for certification of a defendant class action (Doc. 203) is denied.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**