**John J. GUY, Trustee in Bankruptcy of D. Don Lowers, a Bankrupt, Plaintiff,**

v.

**Edward J. ABDULLA et al., Defendants.**

**Civ. A. C 72–360.**

United States District Court,
N. D. Ohio, E. D.

Nov. 14, 1972.

Richard E. Guster, Akron, Ohio, for plaintiff.

John M. Glenn, Akron, Ohio, Marshall Nurenberg, Cleveland, Ohio, for defendants.

BATTISTI, Chief Judge.

## MEMORANDUM OPINION AND ORDER

This case was brought by John J. Guy, Trustee in Bankruptcy for D. Don Lowers. Prior to the filing of the petition in bankruptcy, Mr. Lowers had been engaged in a so-called "Ponzi scheme". See In re Ponzi, 15 F.2d 113 (D.Mass. 1926). The trustee now seeks to recover certain voidable preferences and/or fraudulent conveyances.

Two proposed classes have been suggested by plaintiff. Class I would consist of all persons who received transfers of non-exempt property from the bankrupt prior to the filing of the petition; Class II would consist of persons who were then transferred property by members of Class I.

Plaintiff has moved to defer ruling on the propriety of Class II pending further discovery. No reasons were offered as to why such discovery is necessary, since the delineation of appropriate classes is a question of law. While further discovery may be required to ascertain the members of a designated class, this information is not necessary to define the class boundaries.

■ The common factual and legal issues relevant to a class determination should be apparent by this time, and the court can see no reason to further delay decision on this preliminary matter. Plaintiff's assertion that additional discovery is required, without a showing of necessity, is not sufficient to overcome the mandate that class determinations be made "as soon as practicable". Fed. R.Civ.P. 23(c)(1). Therefore, plaintiff's motion to defer ruling on proposed Class II is denied.

■ The two classes submitted by plaintiff would include persons who received property directly from Lowers, and those who received it indirectly. This property can be recovered by the trustee from either group, so long as he can establish the requisite elements of voidable preferences and/or fraudulent conveyances. The key here is that essentially the same allegations and defenses must be utilized with respect to

either group. Therefore, there appears to be no valid reason to divide the defendants into two classes. The only remaining question is whether or not a class action should be declared in this case.

Defendants' first objection to any class action in this case is that Due Process precludes the court from rendering a money judgment against absent parties. This, however, presents a far too limited picture of the possible uses of class actions. Such actions may be limited to particular issues in the lawsuit, or may be applied only to certain subclasses of a broader group. Fed.R.Civ.P. 23(c)(4). While it is true that each transferee's liability must be individually determined, the inability of the court to render a money judgment as to each defendant does not preclude the court from proceeding in a more limited fashion. Gerstle v. Continental Airlines, Inc., 50 F.R.D. 213, 219 (D.Colo.1970).

If some common legal and/or factual issues are present, as required by Rule 23(a), the court must then proceed to apply the remaining standards of Rule 23. If a class action is declared as to the common issues, the individual defendants would not be at all deterred from asserting their personal defenses in the separate proceedings which will inevitably follow.

■■ Of course, precluding parties from raising recognized legal defenses could pose Due Process problems were it not for the safeguards included in Rule 23. While it is true that a person cannot ordinarily be bound (or estopped) by the results of any judicial proceeding to which he was not a party, class actions are a recognized exception to the general rule. See Hansberry v. Lee, 311 U.S. 32, 42, 61 S.Ct. 115, 85 L.Ed. 22. The safeguards in Rule 23 are certainly adequate to protect the interests of absent parties, *Cf.* Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), and therefore no injustice will result by a binding determination of common defenses in one action.

This approach was illustrated in several recent cases: Dale Electronics, Inc. v. R. C. L. Electronics, Inc., 53 F.R.D. 531 (D.N.H., 1971); Research Corp. v. Pfister Associated Growers, Inc., 301 F.Supp. 497 (N.D.Ill.1969); and Technograph Printed Circuits, Ltd. v. Methode Electronics, 285 F.Supp. 714 (N.D. Ill.1968). These were patent cases brought against certain alleged infringers. In all three cases, the court decided the issues of patent validity and misuse in a class action. Defendants in later actions would then be estopped from raising these otherwise proper defenses, although individual defenses relating to infringement would still be available. This, along with the clear language of Rule 23, shows that no particular difficulty is presented by defining a class of defendants, and binding the class by an adverse determination of any common defense.

We thus proceed to apply the standards set forth in Rule 23 to the proposed class under the facts of this case. It appears to be unquestioned that the members of the proposed class are sufficiently numerous to justify a class action, since they number in the hundreds. The named representatives, twenty-eight in number, account for nearly one-third of the total transfers sought to be invalidated. This group would certainly appear to have a sufficient interest to adequately defend the class. Therefore, we must consider whether or not there are common questions of law or fact, or defenses typical of the class as a whole.

Common legal issues submitted by plaintiff include:

1. Whether cancellation of the notes constitutes "fair consideration" for the payments made;

2. Whether amounts paid in excess of the legal rate of interest can be attributable to a valid antecedent debt under Ohio law; and

3. What duty of inquiry is to be placed upon the recipients of the transfers.[1]

Although Rule 23(a)(1) is stated in the disjunctive, several common issues of fact also deserve mention. These include Lower's insolvency throughout the scheme, particularly at the time of every transaction, and his intent to defraud all those with whom he dealt in furtherance of the scheme. These issues would be essential elements in avoiding a transaction under sections 60(a) and 67(d)(2), respectively, of the Bankruptcy Act. As such, proof of their non-existence would constitute a typical defense in an action brought by the trustee against any individual defendant.

In a Ponzi-type operation, it may be possible to establish that the bankrupt was insolvent from the very inception of the series of transactions, see Cunningham v. Brown, 265 U.S. 1, 8, 44 S.Ct. 424, 68 L.Ed. 873 (1924), as well as his fraudulent intent throughout. See Conroy v. Shott, 363 F.2d 90, 92 (6th Cir. 1966).[2] While these elements alone would not be sufficient to insure recovery against every defendant, such completeness is not a prerequisite to a class action. Rather, under Rule 23(a)(2) and (3), the court need only decide if any common questions, or typical defenses, are presented.

Since all of the prerequisites for class actions are met by the facts of this case, we turn to a consideration of the standards outlined by subsection (b) of Rule 23. It must first be noted in this regard that an action under subsection (b) (1) or (2) is to be preferred to one brought under subsection (b)(3). Johnson v. City of Baton Rouge, 50 F.R.D. 295, 300–301 (E.D.La.1970); Berman v. Narragansett Racing Assn., 48 F.R.D. 333, 337 (D.R.I.1969). This rule becomes particularly important in the context of a defendant class, since the "opt-out" provision of subsection (c)(2) is then not applicable. Obviously, a defendant class whose members could remove themselves would not be very meaningful.

Plaintiff has argued that all three subdivisions of subsection (b) are applicable herein. However, since the court has concluded that the action is maintainable under (b)(1), the applicability of (b)(2) or (b)(3) need not be decided.

Subsection (b)(1) of Rule 23 states that an action meeting the prerequisites of subsection (a) may be maintained as a class action if, in addition:

"the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests".

Upon consideration of these provisions, it appears that a class action is maintainble under either sub-part of Rule 23(b)(1). While it is highly probable that the same standards would be applied throughout the course of separate proceedings, the risk remains that inconsistent adjudication of the common issues could result. Thus, differing interpretations of the law could guarantee recovery by the trustee in some cases, while denying it against other defend-

---

1. Stated another way, plaintiff would like to prove that any reasonable man should have sufficient notice of insolvency when he is promised an excessive rate of return on an investment.

2. In fact, under the Conroy v. Shott rationale, these issues could be decided on a motion for partial summary judgment.

ants who are similarly situated. A clear purpose of Rule 23 is to avoid such anomalous results.

Even if a class action is not employed, a judge in a later case may feel constrained by *stare decisis* to apply previously adopted rules to different defendants. While this would eliminate the possibility of inconsistent adjudications, it becomes clear that the first suit was dispositive of the class interests as a practical matter. Fed.R.Civ.P. 23(b)(1)(B); Berman v. Narragansett Racing Assn., *supra* at 337. Thus, the requirements of Rule 23 should be utilized to assure that the rights of absent parties are adequately protected.

Therefore, it is hereby ordered that:

1. Pursuant to Fed.R.Civ.P. 23(b)(1) and 23(c)(4)(A), this cause shall be maintained as a partial class action with respect to the following issues:

*Legal Issues:*

(1) Whether cancellation of any notes issued pursuant to the scheme constitutes "fair consideration" under section 67(d) of the Bankruptcy Act for any payments made;

(2) Whether amounts paid in excess of the legal rate of interest are attributable to a valid antecedent debt under Ohio law, and if not, whether such amounts are then recoverable by the trustee as a matter of law; and,

(3) Whether any or all members of the class can be charged with constructive notice of Lowers' insolvency as a result of an unusually high rate of return on their investment.

*Factual Issues:*

(1) Was Lowers insolvent of necessity throughout the entire course of the scheme; and

(2) Did Lowers have a continuous fraudulent intent throughout his operation, without regard to the time of any particular transaction?

2. There shall be only one class of defendants whose members shall include all persons who dealt with Lowers during the course of his scheme, or who received property from those who so dealt or their subsequent transferees.

3. Pursuant to Fed.R.Civ.P. 23(d)(2), notice will be given by mail to all members of the above-defined class whose addresses are now known or can be obtained by further discovery. If after all discovery is completed it appears that some potential defendants cannot be notified personally, notice by publication may then be authorized by the court.