In re INTEGRA REALTY RESOURCES, INC., and Integra—A Hotel and Restaurant Company, Tax I.D. No. 48–0764252, and BHC of Denver, Inc., Tax I.D. No. 74–27914828, Debtors.

Jeffrey A. WEINMAN, as Trustee for the Integra Unsecured Creditors' Trust, Plaintiff,

v.

FIDELITY CAPITAL APPRECIATION FUND, et al., Defendants.

Bankruptcy Nos. 92 18853 DEC, 92 18854 PAC, 92 18855 CEM and 92 18853 DEC.
Adv. No. 94 1370 PAC.

United States Bankruptcy Court, D. Colorado.

Feb. 8, 1995.

John C. Smiley, Denver, CO, for Jeffrey Weinman, Chapter 11 Trustee.

Frank C. Huntington, Boston, MA, for Fidelity Capital Corp.

I. Walton Bader, White Plains, NY, for Unofficial Protective Committee.

Barry L. Wilkie, for Weiner Family Trust, Krumholz Group Inc., Paul Dillon, Refco Securities, Inc., E. Thomas Spengler.

Michael A. Gold, for DFA Dimensions & DFA Trust Group.

Brad W. Schacht, Dirk W. de Roos, Denver, CO, for Chemical Bank.

Mohan V. Phansalkar, pro se.

Irene K. Tamura, Sacramento, CA, for California Teachers Retirement Fund.

Susan Marsnick, Minneapolis, MN.

J. Nick Badgerow, Overland Park, KS, for Robert Palan.

## OPINION AND ORDER ON MOTION FOR CLASS CERTIFICATION

PATRICIA A. CLARK, Bankruptcy Judge.

The matter before the Court is the motion for class certification filed by Jeffrey A. Weinman, as Trustee for the Integra Unsecured Creditors' Trust (Trustee), and the objections thereto by various defendants. The claims in this action were transferred to the Unsecured Creditors' Trust (Trust) pursuant to the First Amended Chapter 11 Plan of Reorganization for Integra—A Hotel and Restaurant Company (Integra).[1]

This lawsuit relates to the December 1988 transfer by Integra of 3,822,230 shares of stock in ShowBiz Pizza Time, Inc. (Show Biz) to Integra's shareholders allegedly for no consideration (the ShowBiz Spin-off). The Trustee asserts that in light of Integra's dire financial condition at the time of the transfer, the ShowBiz Spin-off was a fraudulent conveyance and an unlawful distribution of a dividend. The original complaint filed on July 11, 1994, asserts six claims for relief for fraudulent transfer and unlawful distribution against all of the defendants arising from the transfer. The complaint was subsequently amended for the sole purpose of naming additional defendants.

In the original complaint, the Trustee named over 800 defendants individually, and as representatives of a defendant class action. The Trustee requests that the Court enter and order pursuant to Fed.R.Bankr.P. 7023 which incorporates under Fed.R.Civ.P. 23(b)(1), certifying a defendant class consisting of all persons or entities that were the beneficial recipients of the December 1988 transfer of 3,822,230 shares of ShowBiz stock

---

1. The beneficiaries of the Trust are the holders of allowed general unsecured claims against Integra.

from Integra. Those recipients with whom settlement has been reached are excepted from the class. Alternatively, the Trustee requests certification of the class pursuant to Fed.R.Civ.P. 23(b)(3). The Trustee requests that the representatives of the defendant class be the defendants named in the original complaint, less those with whom settlement has been reached.

There were objections to the motion for class certification filed by various defendants. Essentially, the objections were based upon questions of jurisdiction, the issue of unique defenses under different state fraudulent conveyance laws, the statute of limitations, the unwillingness to serve as representatives which could leave the class without adequate representation, the constitutionality of defendant class certification, the lack of judicial economy or a procedural advantage to class certification and whether settlements with individual defendants are proper.

■ First the Court will address certain of the tangential issues which were raised by some of the objecting parties before dealing with the substance of the class certification dispute. There is a pending motion to withdraw the reference of this case so that it may be heard by the District Court. Pursuant to the applicable statutory provisions and the general order of reference, this Court retains jurisdiction and continues with the administration of the case until the reference is actually withdrawn by the District Court. See 28 U.S.C. §§ 157(b)(3), (c)(1) and (d). Furthermore, in cases where the reference is withdrawn to conduct a jury trial or otherwise it is the practice of the District Court for the state of Colorado to return all pretrial matters to the bankruptcy court for determination. The matter is not sent to the district court until it is ready for the actual trial on the merits.

■ Several additional jurisdictional questions were raised regarding foreign defendants and those defendants who do not have substantial contacts with the state of Colorado. In accord with the ruling in Ace

Pecan Co., Inc. v. Granadex International, Ltd. (In re Ace Pecan Co., Inc.), 143 B.R. 696 (Bankr.N.D.Ill.1992), this Court does have jurisdiction over foreign defendants. In Ace Pecan, the bankruptcy court was determined to have jurisdiction over foreign defendants via the state long-arm statute and the aggregate contacts test. Due to the nationwide service of process rule in bankruptcy proceedings, all that is needed is sufficient contacts with the United States, not with the state where the bankruptcy case is pending. Moreover, it is the nationwide service of process rule which gives this Court jurisdiction to hear those actions involving parties without significant contacts in Colorado.[2] Of course, the Court will consider all appropriate motions to dismiss for lack of jurisdiction over those defendants who contend that the jurisdictional test has not been met for them.

■ Another jurisdictional question relates to whether this Court should determine the state law fraudulent conveyance claims brought under 11 U.S.C. § 544. This Court concurs with the case of Duck v. Munn (In re Mankin), 823 F.2d 1296 (9th Cir.1987), cert. denied, 485 U.S. 1006, 108 S.Ct. 1468, 99 L.Ed.2d 698 (1988), which ruled that a Section 544 state law fraudulent conveyance claim relates directly to the restructuring of the relationships between a debtor and its creditors which is at the core of the federal bankruptcy power. Therefore, jurisdiction is proper in the bankruptcy court. Cf., Turner v. Davis Gillenwater & Lynch (In re Investment Bankers, Inc.), 4 F.3d 1556 (10th Cir. 1993), cert. denied, — U.S. —, 114 S.Ct. 1061, 127 L.Ed.2d 381 (1994), the bankruptcy court has jurisdiction to hear fraudulent conveyance actions (the facts did not involve state law claims).

■ It is premature at this juncture for the Court to determine which state fraudulent conveyance law applies. See generally Kaiser Steel Corp. v. Jacobs (In re Kaiser Steel Corp.), 87 B.R. 154 (Bankr.D.Colo. 1988), (apply the most significant relationship

---

**2.** The real question here might be venue for approximately 2,500 shareholders who now hold or previously held less 10 shares or less. Under 28 U.S.C. 1409(b) a case to recover a money judgment worth less than $1000 must be commenced in the district where the defendant resides. This opinion does not address the issue of motions to dismiss for lack of venue.

or contacts test to determine which state's law applies).

■ Similarly, the application of the statute of limitations as a bar to all or portions of the Trustee's action are not appropriate for determination under the motion for class certification.

■ As for arguments related to the appropriateness of settlement, those arguments will be heard and resolved when there is a motion to approve a settlement under Fed. R.Civ.P. 23(e).

■ Finally, the Court dismisses those arguments that defendant class actions are unconstitutional. The cases relied upon by the objecting parties are inapposite. The Court follows the express language of the Fed.R.Civ.P. 23(a) that "one or more members of a class may sue *or be sued* as representative parties ..." and those cases that have certified defendant classes, *e.g., First Federal of Michigan v. Barrow,* 878 F.2d 912 (6th Cir.1989); *Marcera v. Chinlund,* 595 F.2d 1231 (2d Cir.1979), vacated on other grounds, 442 U.S. 915, 99 S.Ct. 2833, 61 L.Ed.2d 281 (1979); and *Guy v. Abdulla,* 57 F.R.D. 14 (N.D. Ohio 1972). Furthermore, due process rights can be protected by requiring notice to each class member. *See, In re Gap Stores,* 79 F.R.D. 283, 292 (N.D.Calif.1978).

As for class certification, Fed.R.Civ.P. 23 as incorporated in Fed.R.Bankr.P. 7023 sets forth the requirements for certification and maintenance of a class action. The Rule provides in relevant part:

(a) **Prerequisites to a class action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interests of the class.

(b) **Class actions maintainable.** An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

. . .

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include:

(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum;

(D) the difficulties likely to be encountered in the management of a class action.

■ As a preliminary matter, for the purpose of determining class certification, the allegations are taken as true and the merits of the complaint are *not* examined. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974).

■ The Court will first examine the requirements for certification under Rule 23(a)(1). Numerosity of members of a proposed class is the first prerequisite for the

Court to consider. In the case of *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909 (9th Cir.1964), the court noted that for the joinder of all class members to be "impracticable" it does not mean impossible, only difficult or inconvenient. In the instant case there are over 6,300 defendants located in forums all over the world. The joinder of these parties is clearly impracticable.

■■■■ The second consideration is whether pursuant to Rule 23(a)(2) there are legal or factual questions common to the proposed class defendants. It is not required that all factual or legal questions raised in the lawsuit be common so long as a single issue is common to all class members. In the case before the Court questions of law or fact common to the class include:

Whether Integra actually intended the ShowBiz Spin-off to hinder, delay or defraud creditors of Integra within the meaning of the Texas Uniform Fraudulent Transfer Act or other applicable fraudulent transfer law and the common law;

Whether Integra was insolvent at the time of the ShowBiz Spin-off or was rendered insolvent by it within the meaning of the Texas Uniform Fraudulent Transfer Act or other applicable fraudulent transfer law and the common law;

Whether at the time of the ShowBiz Spin-off, Integra was engaged or was about to engage in a business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction within the meaning of the Texas Uniform Fraudulent Transfer Act or other applicable fraudulent transfer law and the common law;

Whether at the time of the ShowBiz Spin-off, Integra intended to incur, or believed that Integra would incur, debts beyond Integra's ability to pay as they became due within the meaning of the Texas Uniform Fraudulent Transfer Act or other applicable fraudulent transfer law and the common law;

Whether Integra received any consideration for the ShowBiz Spin-off; and

Whether the ShowBiz Spin-off constituted an unlawful dividend under 8 Delaware

Code §§ 160, 173, and 174(a) or other applicable corporate law.

These common questions must be resolved and the answers are not dependent upon a particular defendant's defense. Accordingly, certification will not limit each defendant's rights to assert individual defenses. *See Joseph, et al. v. General Motors Corp.*, 109 F.R.D. 635, 641 (D.Colo.1986).

■■■■ Next, under Rule 23(a)(3) the Court must consider whether the defenses of the class representative are typical of the defenses of the class members. "Typicality does not require that the defenses be identical or perfectly coextensive; substantial similarity is sufficient." *Thillens, Inc. v. Community Currency Exchange Ass'n of Ill.*, 97 F.R.D. 668,678 (N.D.Ill.1983), citing *Frankford Hospital v. Blue Cross of Greater Philadelphia*, 67 F.R.D. 643 (E.D.Pa.1975). The typicality requirement is satisfied so long as there is a nexus between class representatives/claims or defenses and common questions of fact or law which unite the class. *Joseph et al. v. General Motors Corp.*, 109 F.R.D. at 639–40. Only where there is a unique defense that will consume the merits of the case is the Court required to refuse to certify a class due to a typicality. *Koos v. First National Bank*, 496 F.2d 1162 (7th Cir.1974) cited by *Thillens*, 97 F.R.D. at 678.

■■■ The nature of the defenses to the claims arising out of the ShowBiz Spin-off is typical of the defenses of the class members that the conveyances were not fraudulent and did not violate any applicable fraudulent conveyance law or corporate law. There do not appear to be any unique defenses to the common questions listed above which will ' consume the merits of the case on those issues.

■■■■ Finally, under Rule 23(a)(4), the Court must find that the class is adequately represented. Especially in the certification of a defendant class where the due process problems are greater, the 23(a)(4) mandate for an adequate representative must be strictly observed. The test of adequacy of representation is two-pronged:

1) the representative must be able to conduct the litigation and

2) the representative's interests must not be antagonistic to those of the class members.

*Thillens, Inc. v. Community Currency Exchange Ass'n of Ill.,* 97 F.R.D. 668, 679 (N.D.Ill.1983), citing *Susman v. Lincoln American Corp.,* 561 F.2d 86, 90 (7th Cir. 1977).

◼ The fact that a defendant is an unwilling class representative should not deter the court from naming it as representative. As stated in *In re Gap Stores,* 79 F.R.D. 283, 290 (N.D.Calif.1978), "[i]ronically the best defendant class representative may well be the one who most vigorously and persuasively opposes certification since he is the one most likely to guarantee an adversary presentation of the issues." Moreover, permitting an unwilling representative to abdicate easily would "utterly vitiate the effectiveness of the defendant class action . . ." *Marcera v. Chinlund,* 595 F.2d at 1239. The real concern with a reluctant representative is for his ability to carry the expense and other practical burdens of a class defense.

◼ The Court finds that the initially served group of class representatives will fairly and adequately protect the interests of the class. There does not appear to be any conflict between the positions of the class representatives because their exposure is individual and assures a vigorous defense. The Court has already seen able counsel vigorously representing a number of the class representatives.[3] Thus, the Court finds that there is adequate representation.

◼ Furthermore, there is a continuing duty of the trial court to undertake a stringent examination of the adequacy of representation by the named class representatives. *In re General Motors Corp. Engine Interchange Lit.,* 594 F.2d 1106, 1124 (1979), *cert.*

denied, 444 U.S. 870, 100 S.Ct. 146, 62 L.Ed.2d 95 (1979).

◼ In order to be certified, an alleged class action which meets the terms of 23(a) must also qualify under one of the subsections of 23(b). Here, the Trustee has requested certification under Rule 23(b)(1) or (c). If class certification is found to be appropriate under both 23(b)(1) to eliminate the risk of inconsistent rulings or 23(b)(3) where common questions of law or fact predominate, the Court must choose 23(b)(1) to avoid inconsistent adjudications. *First Federal of Mich. v. Barrow,* 878 F.2d 912, 919 (6th Cir.1989).

◼ In order to certify a class under Rule 23(b)(1) the Court must find that the absence of class certification would precipitate a multiplicity of separate actions against the individual members of the proposed class to be certified. It must also find that these separate actions would create a risk of inconsistent or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for the trustee in pursuing the class members. As this jurisdiction experienced with the *In re Hedged Investments Associates, Inc.,* 176 B.R. 214 (D.Colo.1994) differing interpretations of the law assured a right of recovery by the trustee in some cases and denied it against other defendants who were similarly situated. Moreover, if the class action were not utilized a judge in a later case could be constrained by stare decisis to apply previously adopted rules to different defendants. Although this could eliminate possible inconsistent adjudications, as a practical matter the first suit could be dispositive of the class interests. *See Guy v. Abdulla,* 57 F.R.D. 14, 18 (N.D. Ohio 1972).

The instant case is analogous to that of *First Federal of Mich. v. Barrow, supra*

---

**3.** Fidelity Capital Appreciation Fund, a registered investment company, raised the objection that it may have a conflict which would prevent it from serving as a class representative because of the large number of shares that it received (nearly 10% of the total) and a potential conflict between its duties to its own shareholders and its duties as representative of the class. Neither in its brief nor at the hearing did Fidelity provide facts and authority to show that there is anything

more than a speculative possibility for a conflict. It does not appear that the speculative conflict is likely to prevent or impede the proper discharge of its fiduciary duties. *See Norman v. Arcs Equities Corp.,* 72 F.R.D. 502, 506 (S.D.N.Y.1976). Should difficulties of representation arise, the court has sufficient means to assure fairness of representation. *See generally Blackie v. Barrack,* 524 F.2d 891, 910–11 (9th Cir.1975), *cert. denied,* 429 U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75 (1976).

where the bankruptcy court certified a defendants' class who received preferential payments within the 90 days prior to the bankruptcy. The preferential treatment accorded to the creditors was common to all and motivated by debtors' self-interest in favoring certain creditors in order to perpetuate the debtors' fraudulent enterprise. The Sixth Circuit found that certification was appropriate because it conserved judicial resources and provided an efficient vehicle for achieving unitary adjudication as to all class members.

■ Here, the sheer number of separate actions on very basic questions would not only consume significant judicial resources, but more importantly it would create a very high risk of varying adjudications with respect to individual members of the class. Class certification will assure that the rights of absent parties are adequately protected and not summarily dealt with by the application of stare decisis from a case to which they were not a party. Accordingly, the Court finds that certification is appropriate under Rule 23(b)(1).

■ Alternatively, if the class could not be certified under Rule 23(b)(1), it is certifiable under Rule 23(b)(3) because common questions of law or fact predominate. A defendant class "will not be certified under Fed.R.Civ.P. 23(b)(3) without a clear showing that common questions do in fact predominate over individual issues." *Thillens, Inc.*, 97 F.R.D. at 675 (citing to *In re Gap Stores*, 79 F.R.D. at 295). The claims of the Trustee are predominately questions of fact related to Integra's actions in the ShowBiz Spin-off. The common questions of law and fact which predominate are listed on page 7, they do in fact predominate over individual issues or special defenses. Most probably, a ruling on those common questions will result in the resolution of many and perhaps all of the claims against the defendants.[4] The plaintiff has a colorable claim against each defendant class member. The individual or special defenses can be determined in possible subclass proceedings or in separate actions. This is

not a case where individual rather than common issues will predominate such that there will be a loss of economy and efficiency. *See* 7A C. Wright and A. Miller Federal Practice and Procedure, § 1778 at 56, cited by *Zimmerman v. Bell*, 800 F.2d 386 (4th Cir.1986). Notwithstanding that it is certifiable under Rule 23(b)(3), the Court finds that the class should be certified under Rule 23(b)(1).

Based upon the Court's findings of fact and conclusions of law, it is

ORDERED that until further order of this Court, regarding the issues set forth on page 7 of this Order and as summarized below, this action shall be maintained as a defendant class action pursuant to Fed.R.Civ.P. 23(b)(1) with the defendant class consisting of all persons or entities that were the beneficial recipients of the December 1988 transfer of 3,822,230 shares of ShowBiz Pizza Time, Inc. stock from Integra (except those with whom settlement has been reached):

a. whether said transfer constituted a fraudulent transfer for which defendants are liable; and

b. whether said transfer constituted an unlawful dividend for which defendants are liable.

Any defense not applicable to the class as a whole shall be determined in proceedings, including possible subclass proceedings, in this action or in separate actions as the Court may hereafter order.

FURTHER ORDERED that subject to further Order of the Court the following defendants are designated as class representatives: Fidelity Capital Appreciation Fund, the Unofficial Protective Committee, Refco Securities, Inc., E. Thomas Spengler, Horn Investments, California State Teachers Retirement Fund, and Robert Palan.

FURTHER ORDERED that the class representatives shall meet and discuss which counsel they would like to represent them. On or before March 3, 1995, the class representatives shall file with the Court and serve upon Trustee's counsel and co-counsel their choice of counsel and the qualifications there-

---

4. For example, if it were determined that Integra was solvent at the time of the ShowBiz Spin-off and not rendered insolvent or with an unreason- ably small amount of assets due to the transfer, then, the claims relating to fraudulent transfer would be resolved.

of. The Trustee shall serve the pleading stating the choice of counsel and this Court's Order upon those parties designated in paragraph 2 of the Court's Third Order Regarding Procedural Matters dated November 10, 1994. Any objections to the choice of counsel shall be filed and served on or before March 20, 1995. Based upon these submissions, the Court will then either designate class counsel and co-counsel or order further proceedings with respect to that designation.

FURTHER ORDERED that within 7 days of the Court's designation of class counsel, said class counsel and the Trustee's counsel shall submit to the Court a proposed notice of certification of this defendant class action. Then, within 7 days of the Court's approval of that notice, the Trustee shall provide such notice by first class mail to all class members whose names and addresses are then known. Plaintiff shall thereafter provide such notice by first class mail to remaining class members whose names and addresses can be identified through reasonable effort within a reasonable time after they are identified. In requiring this notice, the Court is not implying that receipt of such notice is required to bind a defendant to any judgment herein.

FURTHER ORDERED that the pursuit or defense of claims against defendants individually, other than the class issues discussed above, is hereby stayed pending further order of this Court except that the Trustee may continue serving summons and complaints, consistent with other orders of the Court upon defendants currently named or added by amendment. Hereafter, the portion of the summons addressing the obligation to appear and defend should be modified to conform with this Order.

FURTHER ORDERED within 20 days of the Court's designation of class counsel, said class counsel and Plaintiff's counsel shall meet to discuss pretrial scheduling issues and within said 20 day period shall submit to the Court a proposed pretrial order which should include a method to address individual defenses, including issues of jurisdiction, statute of limitations and venue.