Gerald W. JONES, John H. Askew, Jr., Lloyd E. Maddox, and Anna H. White, Individually and on Behalf of a Class of Others Similarly Situated, Plaintiffs,

v.

AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE COMPANY, Defendant.

No. CV101–003.

United States District Court, S.D. Georgia, Augusta Division.

Dec. 13, 2002.

John C. Bell, Jr., James L. Bentley, III,
Leroy Weathers Brigham, Bell & James,

John B. Long, Dye, Tucker, Everitt, Long & Brewton, PC, Augusta, GA, for plaintiffs.

Gregory C. Braden, Alston & Bird, LLP, Atlanta, GA, Robert C. Hagler, Fulcher, Hagler, Reed, Hanks & Harper, LLP, Augusta, GA, for defendant.

## ORDER

MOORE, District Judge.

Before the Court is Plaintiffs' Renewed Motion for Class Certification. (Doc. 161). After careful consideration, the Court finds that Plaintiffs' motion must be **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

Plaintiffs in this action are a group of individuals formerly employed by Independent Life and Accident Insurance Company ("Independent Life"). Like most insurance companies, Independent Life provided life insurance to its employees and retirees through a group term life insurance policy that Independent Life issued to itself. The life insurance policy was revised from time to time over the years. One such revision took place in 1992 when the group term policy was split into two separate policies—one for retirees and one for active employees. Under the new retiree policy, retiree life insurance coverage for Independent Life employees hired after January 1, 1993 was terminated. For all other employees retiring after December 3, 1994, the amount of post retirement coverage was incrementally decreased from one times compensation (at retirement) to a flat $10,000 over the ensuing 10 years. Those employees who had retired prior to 1992 retained the level of coverage in effect for them in 1992 under the new policy. A series of booklets was issued by Independent Life over the years to explain the life insurance coverage to its employees. Defendants claim that the booklets stated that the policies could be terminated. (Def.App. Tabs 3–14, 19, pp. AGL 386, AGL 394).

In 1996, Independent Life merged with Defendant, Defendant being the surviving corporation assuming all the liabilities and obligations of Independent Life under the merger agreement. Following the merger, the Independent Life post retirement life insurance was replaced by a policy issued by U.S. Life to American General Corporation, Defendant's parent company. New booklets were issued to retirees that described the terms of the new policy. Defendants claim these booklets also stated that Defendant reserved the right to amend or terminate the policy. (Def.App. Tab. 23–25).

Defendant assigned responsibility for administering the Independent Life retiree life insurance plan to Towers Perrin, an international benefits consulting firm. During 1997 and 1998, in response to individual inquiries from retirees, Towers Perrin sent 197 letters confirming Independent Life retirees' life insurance amounts and indicating that the amounts would stay in effect for the retiree's lifetime. Defendant claims these letters referred to lifetime benefits by mistake and that correction letters were later sent confirming the amount of coverage and informing the retirees that their coverage could be changed or terminated. (Def.App. Tab 26 ¶¶ 6 & 7).

Defendant subsequently terminated the life insurance for retirees effective January 1, 2001. Retirees were notified by letter dated September 30, 2000 and were given the option to convert to individual coverage by paying the premiums themselves. Following receipt of the letter, Plaintiff Jones initially contested the discontinuation of his life insurance through the claim procedure provided under the life insurance plan. When his claim was denied, he filed suit rather than pursuing the plan's appeal procedures. None of the other named Plaintiffs have exhausted the claim procedures under the life insurance plan.

Plaintiff Jones's Complaint was filed in the Superior Court of Richmond County, Georgia on December 29, 2000. Plaintiff Jones filed suit on behalf of himself and a class, to enjoin cancellation of the policy and to recover the cost of purchasing permanent, lifetime coverage in the amount covered by the cancelled policies. He also sought bad faith penalties, costs, and attorney's fees.

Defendant removed the case to federal court on January 9, 2001. The two bases for

removal were federal question jurisdiction, given the applicability of the Employee Retirement Income Security Act of 1974 ("ERISA"), and diversity of citizenship. Plaintiff did not challenge removal.

On May 24, 2001, Defendant filed its first motion to dismiss. In that motion, Defendant sought dismissal of Plaintiff Jones's state law claims and asked the Court to strike his request for a jury trial. The Court granted Defendant's motion in an order dated July 27, 2001.

Plaintiff Jones made his first motion for class certification on April 9, 2001. Defendant filed its first response on December 18, 2001. Plaintiff then filed its first reply on January 14, 2002. Defendant claimed in its response that Plaintiff Jones's Complaint did not support his motion for class certification. As a result, Plaintiff Jones sought leave of the Court to amend his complaint "to explicitly include claims and remedies referenced in his motion for class certification and elsewhere in discovery." (Pl. Memo. in Support of Motion for Leave at p. 2).

Plaintiff Jones's motion was granted by Magistrate Judge W. Leon Barfield and discovery was consequently reopened in an order dated March 19, 2002.[1] As a result of Judge Barfield's order, this Court, in an order dated March 20, 2002, directed the Clerk to remove Plaintiff Jones's motion for class certification and his motion for a hearing from the pending motions report, reasoning that "Plaintiff's original motion for class certification and Defendant's response may not accurately reflect the parties' positions on the issue." Plaintiff Jones was ordered to file a renewed motion if he still wanted to pursue class certification.

On March 26, 2002, Plaintiff Jones, and the three new named Plaintiffs filed an Amended Complaint alleging that they are entitled to bring an action on behalf of themselves and a class defined as:

> All persons who were formerly employed by Independent Life and Accident Insurance Company, the Herald Life Insurance

Company, and the Independent Fire Insurance Company who were covered prior to 1992 by employee benefit plans that provided life insurance coverage upon retirement with no charge to the retiree for the insurance, who have retired and whose coverage is being terminated.

(Amended Complaint at ¶ 36). Plaintiffs claim that Defendant is liable to the class because Independent Life agreed to provide permanent life insurance benefits at no cost to Plaintiffs when they retired. Plaintiffs allege that Defendant breached that agreement when it cancelled Plaintiff's life insurance coverage. Plaintiffs also assert that Defendant is estopped from cancelling Plaintiffs' coverage because Defendant misrepresented to Plaintiffs their entitlement to benefits and Plaintiffs acted in reliance on those misrepresentations. Finally, Plaintiffs argue that Defendant breached its fiduciary duty to Plaintiffs by either cancelling their insurance or by failing to accurately communicate Plaintiffs' benefits to them.

Defendant filed a second motion to dismiss in this case on April 24, 2002. Defendant's motion was granted in part and denied in part in on July 3, 2002 in an order of this Court. Plaintiffs' breach of fiduciary claim was dismissed, while their breach of contract and promissory estoppel claims were not.

On May 20, 2002, Plaintiffs filed their Renewed Motion for Class Certification, the motion presently before the Court. On August 14, 2002, after discovery in this case had closed, Judge Barfield issued an order resetting the deadline for motions for class certification to October 15, 2002. On October 30, 2002 Defendant filed its response to Plaintiffs' renewed motion. Plaintiffs' filed their reply on November 12, 2002.

## ANALYSIS

Rule 23 of the Federal Rules of Civil Procedure governs class actions in federal court. To certify a class, this Court must find that the requirements of Rule 23(a) and 23(b) are satisfied. Rule 23(a) provides as follows:

---

**1.** The Magistrate Judge's order also allowed Plaintiff Jones to add three additional named

Plaintiffs.

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). Rule 23(b) provides that "an action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied" and one of four alternative circumstances listed in Rule 23(b) is present.[2] Fed.R.Civ.P. 23(b). The burden of proving these requirements is on the party seeking class certification. *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 456 (11th Cir.1996).

The final determination of whether these requirements are met "is left to the sound discretion of the district court," whose decision can be reversed "only when it abuses its discretion." *Buford v. H & R Block, Inc.*, 168 F.R.D. 340, 346 (S.D.Ga.1996) (quoting *Jaffree v. Wallace*, 705 F.2d 1526, 1536 (11th Cir.1983)). In making its determination, the district court is not to consider the merits of the case, *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974), but may consider "both the allegations of the complaint and the supplemental evidentiary submissions of the parties." *Buford*, 168 F.R.D. at 346 (citing *Blackie v. Barrack*, 524 F.2d 891, 901 n. 17 (9th Cir. 1975)).

If, after examining these matters the result is not clear, all "doubts regarding the propriety of class certification should be re-solved in favor of certification." *Id.* (citing 4 H. NEWBERG & A. CONTE, NEWBERG ON CLASS ACTIONS § 7540 (3d ed.1992); *Esplin v. Hirschi*, 402 F.2d 94, 99 (10th Cir.1968); *Brown v. Cameron–Brown Co.*, 92 F.R.D. 32, 49 (E.D.Va.1981), *rev'd on other grounds by* 652 F.2d 375 (4th Cir.1981)). Such resolution is appropriate because class certification is conditional and if it later appears "that certification was improvidently granted, options such as decertification or revised certification are always available to the district court." *Id.* (citing Fed.R.Civ.P. 23(c)(1)).

Plaintiffs claim that with regard to each of their claims, Rule 23(a) and 23(b) are satisfied, making class certification appropriate. Defendants, however, challenge the satisfaction of the Rule 23(a), arguing that Plaintiffs cannot adequately represent the class. Alternatively, Defendants argue that, assuming Plaintiffs are adequate representatives for a class, a class can only be certified as to the breach of contract claim. The promissory estoppel claim, Defendants contend, is not appropriate for class certification because Plaintiffs' claims cannot be common or typical of other class members where individual issues of reliance are in question.

The Court will first examine Count I of Plaintiffs' Complaint, the breach of contract claim, and then Count II, the promissory estoppel claim, to determine whether class certification is appropriate for either.

## I. *Breach of Contract*

In Count I of their Amended Complaint, Plaintiffs allege that they accepted Independent Life's offer "to provide employees who

---

**2.** The alternatives listed in Rule 23(b) include:
 (1) the prosecution of separate actions by or against individual members of the class would create a risk of
 (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
 (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

 (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
 (3) the court finds that the questions of law or fact common to the members of the class predominate over any question affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.
Fed.R.Civ.P. 23(b).

stayed with the company until they were eligible to retire with permanent, lifetime life insurance coverage at company expense." (Amended Complaint ¶ 55). Thus, they contend, Defendant breached this agreement when it terminated Plaintiffs' life insurance policies. For this, Plaintiffs claim, Defendant should be required to restore their life insurance benefits.

Plaintiffs now seek class certification of this claim. As mentioned above, to certify a class under Rule 23, this Court must find that the requirements of Rule 23(a) and 23(b) are satisfied. The Court will first examine the requirements of Rule 23(a) and will then consider the requirements of Rule 23(b).[3]

### A. Rule 23(a) Requirements

As stated above, the Rule 23(a) requirements include numerosity, commonality, typicality, and adequacy of representation. Fed. R.Civ.P. 23(a). To show that class certification is proper, "Plaintiffs must establish that all four requisites of Rule 23(a) are met." McHenry v. Bell Atlantic Corp., 1998 WL 512942 at *3 (E.D.Pa. Aug.19, 1998) (citing Baby Neal for and by Kanter v. Casey, 43 F.3d 48 (3d Cir.1994)). If only one prerequisite is not met, class certification is inappropriate. Buford, 168 F.R.D. at 348 (citing Haywood v. Barnes, 109 F.R.D. 568, 575 (E.D.N.C.1986)).

#### 1. Numerosity

■ The first requirement of Rule 23(a) is that the class be "so numerous that joinder of all members is impracticable." Fed. R.Civ.P. 23(a)(1). Because "impracticable does not mean 'impossible,'" Plaintiffs "need only show that it is extremely difficult or inconvenient to join all members of the class." McHenry, 1998 WL 512942 at *3 (citation omitted). Moreover, "the numerosity requirement should not be rigorously applied in cases where[, as here,] injunctive relief is requested." Id. (citing Weiss v. York Hosp., 745 F.2d 786, 808 (3d Cir.1984)). Indeed, "when a class is extremely large, the numbers alone may presume impracticability

of joinder." Buford, 168 F.R.D. at 348 (citing Finnan v. L.F. Rothschild & Co., Inc., 726 F.Supp. 460, 465 (S.D.N.Y.1989); Riordan v. Smith & Barney, 113 F.R.D. 60, 62 (N.D.Ill.1986)).

Here, Plaintiffs contend that the proposed class contains at least fourteen hundred (1400) retirees of Independent Life and Accident Insurance Company, the Herald Life Insurance Company, and the Independent Fire Insurance Company who were covered prior to 1992 by employee benefit plans that provided life insurance coverage upon retirement with no charge to the retiree for the insurance, who have retired, and whose coverage is being terminated. Defendant has not challenged this requirement of Rule 23(a). The Court notes that other courts have found the numerosity requirement to be satisfied in cases where the class is of similar size or smaller in number than the class here. See McHenry, 1998 WL 512942 at *4 (certifying class of at least 250 members); Alday v. Container Corp. of Am., 1988 WL 236038 at *1 (M.D.Fla. Sept.2, 1988) (certifying class of over one thousand (1000) members). Accordingly, the Court finds that the numerosity requirement is satisfied.

#### 2. Commonality

■ The second requirement of Rule 23(a) is that there be "questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). While Rule 23(a) refers to "questions" in the plural, this Court has held that only one common question of law or fact is required to satisfy the rule. Buford, 168 F.R.D. at 349 (citing Georgia State Conference of Branches of NAACP v. Georgia, 99 F.R.D. 16, 25 (S.D.Ga.1983)). Moreover, "Rule 23(a)(2) is relatively easy to satisfy." Id. (quoting MILLER, AN OVERVIEW OF FEDERAL CLASS ACTIONS 25). The Rule does not require that individual claims be factually or legally identical. See, McHenry, 1998 WL 512942 at *4 (stating that "factual differences may exist among plaintiffs because they do not need to share identical claims"); Buford, 168 F.R.D. at 349 (stating that "minor differ-

---

**3.** The Court notes that on the issue of certification of Plaintiffs' breach of contract claim, Defendant only objects to Plaintiffs' adequacy as class representatives. Although the other elements are not contested, the Court consider whether they are satisfied.

ences in the underlying facts of individual class members' cases do not defeat a showing of commonality where there are common questions of law" and "there is no requirement of complete identity of legal claims among class members") (citations omitted). However, not just any common issue will do. The Court must find "a common issue the resolution of which will advance the litigation." *Sprague v. General Motors,* 133 F.3d 388, 397 (6th Cir.1998).

Here, Plaintiffs allege a number of common issues relating to their breach of contract claim. In their Renewed Motion for Class Certification, Plaintiffs state that

> common questions include, but are not limited to: (a) whether Independent Life intended that the group life insurance coverage provided under the company's Employee Group Insurance Plan (the "plan") would vest; (b) whether the summary plan descriptions ("SPDs") governing the plan evidence that intent, or are ambiguous on the issue of vesting; (c) whether Independent Life and/or Defendant reserved the right to modify or terminate the benefits of former employees who had already retired, and if so, the effect on Plaintiffs' rights, if any; ... (g) the common need of members of the proposed class for declaratory relief as to the correct construction of the relevant documents; and (h) the common need of the proposed class for injunctive relief.

Looking only at Plaintiffs' breach of contract claim, it is clear that common issues of fact and law are present. The resolution of the claim depends upon construction of contracts entered into by all putative class members with their employer. These contracts, the terms of which are contained in retirement plan documents, were not tailored to each individual employee, but were form contracts made available to the employees as a class. The Court also notes that Defendant does not object to the commonality of Plaintiffs' breach of contract claim to the extent that it depends on plan documents.[4] Further, the Court believes its finding is supported by Eleventh Circuit precedent. *See Hudson,* 90 F.3d at 457 (stating that "the merits of the Count I contract cause depend simply on evidence of the formation of the bilateral contract alleged therein. . . . This type of claim seems, on the surface, to be amenable to class-wide proof"). Therefore, the Court finds that Plaintiffs' breach of contract claim presents issues of fact and law common to all putative class members, thus satisfying Rule 23(a)'s commonality requirement.

### 3. *Typicality*

■ The third requirement of Rule 23(a) is that Plaintiffs' claims be typical of those of the proposed class members. Fed.R.Civ.P. 23(a)(3). Although some courts disagree on how to characterize this requirement, this Circuit describes typicality as follows:

> Although the considerations of subsections a(2), a(3), and a(4) tend to overlap, subsection a(3) primarily directs the district court to focus on whether named representatives' claims have the same essential characteristics as the claims of the class at large. Moreover, the typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, courts have found that a strong similarity of legal theories will satisfy the typicality requirement despite substantial factual differences.
>
> Moreover, "there [is] no federal common law right to promissory estoppel under ERISA in cases involving oral amendments to or modifications of employee plans governed by ERISA." *Id.* at 457–58 (quoting *Alday,* 906 F.2d at 666). Therefore, because a claim alleging oral amendments or modifications to plan documents is not cognizable, the Court finds it appropriate to limit Plaintiffs' breach of contract claim to the consideration of the written terms of the plan documents.

---

4. The Court agrees that Plaintiffs' breach of contract claim should be restricted to the terms of the written plan documents. Under ERISA, "a retiree's right to lifetime ... benefits ... can only be found if it is established by contract under the terms of the ERISA-governed benefit plan document." *Hudson,* 90 F.3d at 457 (quoting *Alday,* 906 F.2d at 665). If Plaintiffs are asserting that the written plan documents were modified by oral amendments, that claim would be appropriate not under a breach of contract cause of action, but a promissory estoppel action.

*Buford,* 168 F.R.D. at 350 (quoting *Appleyard v. Wallace,* 754 F.2d 955, 958 (11th Cir.1985)) (additional citations and internal quotations omitted). Here, Plaintiffs and the proposed class members all challenge the same conduct—the cancellation of their life insurance benefits by Defendant, which they claim constituted a breach of their contract. This conduct affected Plaintiffs and the proposed class members in the same way, they are all asserting the same legal claim, and they are all seeking the same remedy in this action—reinstatement of their benefits or, in the case of those who have already died, payment of amounts due. Because the Court finds that the named Plaintiffs' claims have the same essential characteristics of the proposed class members, Plaintiffs meet the typicality requirement.[5]

### 4. Adequacy of Representation

The fourth requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). This requirement consists of two components: (1) adequacy of the named representatives, and (2) adequacy of counsel. *Buford,* 168 F.R.D. at 351; *McHenry,* 1998 WL 512942 at *7. The Court will consider each of these components of the Rule.

### a. Adequacy of Plaintiffs

■ The adequacy of the named representatives component requires that "the interest of the class representative[s] [not be] antagonistic to or in conflict with other members of the class." *Buford,* 168 F.R.D. at 351 (citing *Griffin v. Carlin,* 755 F.2d 1516, 1533 (11th Cir.1985); *Meyer v. Citizens and S. Nat'l Bank,* 106 F.R.D. 356, 361 (M.D.Ga.1985)). Here, Defendant claims that Plaintiffs are not adequate representatives for failure to exhaust their administrative remedies under the plan, therefore precluding them from asserting claims on behalf of the class. Plaintiffs, however, contend that they are excused from exhausting their administrative remedies because doing so would have been futile. The Court finds that Plaintiffs' failure

to exhaust their administrative remedies does not render them inadequate class representatives.

Generally, plaintiffs are required to exhaust administrative remedies before pursuing claims subject to ERISA in federal court. *Springer v. Wal–Mart Associates' Group Health Plan,* 908 F.2d 897, 899 (11th Cir. 1990); *see also Harrow v. Prudential Ins. Co.,* 279 F.3d 244, 251–52 (3d Cir.2002) (dismissing class claims because named plaintiff failed to exhaust administrative remedies). Indeed, "except in limited circumstances ... a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan." *Id.* (quoting *Weldon v. Kraft, Inc.,* 896 F.2d 793, 800 (3d Cir.1990); *Garland v. Gen. Felt Indus.,* 777 F.Supp. 948, 952 (N.D.Ga.1991); *Merritt v. Confederation Life Ins. Co.,* 881 F.2d 1034 (11th Cir.1989); *Mason v. Cont'l Group, Inc.,* 763 F.2d 1219 (11th Cir.1985); *see also Wolf v. Nat'l Shopmen Pension Fund,* 728 F.2d 182, 185 (3d Cir.1984)) (stating that "the federal courts have generally not entertained such an action where the party bringing the action has failed to exhaust administrative remedies"); *Zipf v. Am. Tel. & Tel. Co.,* 799 F.2d 889, 892 (3d Cir. 1986) (stating that "it is appropriate to require participants first to address their complaints to the fiduciaries to whom Congress, in Section 503, assigned the primary responsibility for evaluating claims for benefits" which "ensures that the appeals procedures mandated by Congress will be employed"); *Amato v. Bernard,* 618 F.2d 559, 567 (9th Cir.1980) ("Sound policy requires the application of the exhaustion doctrine in a suit under [ERISA].").

While pursuing administrative remedies is important, the Court finds that Plaintiffs' failure to exhaust adversely affects their ability to serve as class representatives only if that failure "creates a defense ... 'not present for the putative class members that would be unique and reasonably expected to consume a significant portion of the litigant[s'] time and energy.'" *Clancy v. Em-*

---

5. The Court again notes that Defendant does not contest the typicality of Plaintiffs' breach of contract claims.

ployers Health Ins. Co., 82 F.Supp.2d 589, 601 (E.D.La.1999) (quoting *Malbrough v. State Farm Fire & Cas. Co.*, 1997 WL 159511 at *2 (E.D.La.1997); *McNichols v. Loeb Rhoades & Co.*, 97 F.R.D. 331, 334 (N.D.Ill. 1982)). Because it does not appear that any of the class members have exhausted their administrative remedies, Plaintiffs' failure to exhaust should not render their interests "antagonistic to or in conflict with other members of the class" so as to make them inadequate representatives. *Buford*, 168 F.R.D. at 351 (citing *Griffin*, 755 F.2d at 1533).[6] In essence, Plaintiffs and the proposed class members are in the same boat. Therefore, the Court finds that Plaintiffs' interests in this case are not adverse to the proposed class members and therefore they are adequate representatives.

### b. *Adequacy of Counsel*

This component of Rule 23(a)(4) "involves questions of whether plaintiffs' counsel are qualified, experienced and generally able to conduct the proposed litigation ...." *Buford*, 168 F.R.D. at 351 (quoting *Griffin*, 755 F.2d at 1533). Defendant does not dispute the adequacy of class counsel. The Court notes that Plaintiffs' counsel have served as class counsel in numerous class actions and in other complex litigation and have submitted affidavits detailing their experience in such cases. The Court finds that Plaintiffs' counsel is professionally competent to handle this litigation and, therefore, the attorney-competence criteria is met.

Thus, the Court finds that both Plaintiffs and their counsel are adequate representatives under Rule 23(a)(4). Having determined that each requirement of Rule 23(a) is satisfied, the Court will now consider whether Rule 23(b) is also met as to Plaintiffs' breach of contract claim.

### B. *Rule 23(b) Requirements*

As stated previously, for this Court to certify a class, in addition to finding that the prerequisites of Rule 23(a) are met, the Court must find that the requirements of Rule 23(b) are satisfied. Plaintiffs claim that

their breach of contract claims are certifiable pursuant to Rule 23(b)(1)(A) or Rule 23(b)(2). Defendant contests the satisfaction of all subsections of Rule 23(b).

### 1. *Rule 23(b)(1)(A)*

Rule 23(b)(1)(A) states that

an action may be maintained as a class action if ... the prosecution of separate actions by or against individual members of the class would create a risk of ... inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class.

Fed.R.Civ.P. 23(b)(1)(A). This part of the rule is "concerned with the prejudicial effect which inconsistent judgments may have on the party opposing the class." *McBirney v. Autrey*, 106 F.R.D. 240, 245 (N.D.Tex.1985) (citing *In re Itel Sec. Litig.*, 89 F.R.D. 104, 124 (N.D.Cal.1981); *Walker v. City of Houston*, 341 F.Supp. 1124, 1131 (S.D.Tex.1971)). It is not sufficient for Plaintiffs to show that in individual actions some plaintiffs may prevail and others may not. *Davenport v. Gerber Prod. Co.*, 125 F.R.D. 116, 120 (E.D.Pa. 1989); *Nat'l Union Fire Ins. Co. of Pittsburgh v. Midland Bancor*, 158 F.R.D. 681, 687 (D.Kan.1994). Rather, this rule is generally "satisfied only in the event that inconsistent judgments in separate suits would trap the party opposing the class 'in the inescapable legal quagmire of not being able to comply with one such judgment without violating the terms of another.'" *Id.* (citing *Walker*, 341 F.Supp. at 1131; *Sembach v. McMahon Coll. Inc.*, 86 F.R.D. 188, 192 (S.D.Tex.1980); *McDonnell Douglas Corp. v. United States District Court*, 523 F.2d 1083, 1086 (9th Cir.1975); *Flanagan v. McDonnell Douglas Corp.*, 425 U.S. 911, 96 S.Ct. 1506, 47 L.Ed.2d 761 (1976); *In re Itel*, 89 F.R.D. at 125); *see also* 5 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 23.41[2][a] (3d ed.2002).

In this case, a judgment that Defendant is liable to one plaintiff would not re-

---

**6.** Instead, Plaintiffs' failure to exhaust would be more appropriately dealt with in ruling on the

merits of the claims in Defendant's summary judgment motion now pending before this Court.

quire it to act inconsistently with a judgment that it is not liable to another plaintiff. Any individual finding of liability will only require that Defendant restore life insurance benefits or pay benefits due to that single plaintiff and would not require Defendant to act inconsistently with other judgments. While separate actions reaching inconsistent results "might establish 'incompatible standards of conduct' in the sense of different legal rules governing the same conduct," Rule 23(b)(1)(A) "was not intended to permit class actions simply when separate actions would raise the same question of law." *McDonnell Douglas Corp.*, 523 F.2d at 1086; *see also Bower v. Bunker Hill Co.*, 114 F.R.D. 587, 595 (E.D.Wash.1986) (finding that varying judgment requiring employer to maintain insurance benefits for some employees and not for others does not establish incompatible standards of conduct). Therefore, the Court finds that Rule 23(b)(1)(A) is not satisfied in this case.

### 2. *Rule 23(b)(2)*

■ Plaintiffs also claim that certification of a class is appropriate under Rule 23(b)(2). This subsection states that certification is appropriate if Defendant "has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2). Under Rule 23(b)(2), a court must determine (1) whether Defendant has acted on grounds "generally applicable to the class as a whole," and if so, (2) whether declaratory or final injunctive relief is the appropriate and primary remedy for the breach of contract claim. *In re Managed Care Litig.*, 209 F.R.D. 678 (S.D.Fla. 2002); *see also* 7A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MAY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1775 (2d ed.1986).

### a. *Generally Applicable*

For Defendant's actions to have been "generally applicable" it must have "acted in a consistent manner towards members of the class so that [its] actions may be viewed as part of a pattern of activity, or to establish a

regulatory scheme, to all members." *Id.* (quoting *Leszczynski v. Allianz Ins.*, 176 F.R.D. 659, 673 (S.D.Fla.1997)). Here, it is clear that by systematically terminating the life insurance benefits of all proposed members of the class, Defendant has acted in a consistent manner to the entire putative class.

### b. *Injunctive Relief*

In addition to the requirement that Defendant's actions have been generally applicable to all members of the class, either declaratory or final injunctive relief must be the appropriate remedy. Here, in its July 3, 2002 order, this Court limited Plaintiffs' recovery to the equitable remedy of reinstatement of the benefits to which they are entitled under the plan. The Court still finds such relief to be appropriate. As a result, the Court concludes that Rule 23(b)(2) is satisfied, therefore meeting the requirements of Rule 23(b).

Because the requirements of Rule 23(a) and (b) have been met with regard to Plaintiffs' breach of contract claim, certification of a class is appropriate for Count I of their Amended Complaint. Accordingly, Plaintiffs' motion to certify their breach of contract claim is **GRANTED**.

### II. *Promissory Estoppel*

Count II of Plaintiff's Amended Complaint asserts a claim for promissory estoppel. Plaintiffs argue that in reliance on the promises of Independent Life that "if they worked for the company until they were eligible for retirement, then the company would provide them with life insurance coverage that would be maintained at no cost to them for the remainder of their lives," Plaintiffs "dedicated most of their working lives to Independent Life," and planned for their retirement to their detriment. (Amended Complaint ¶¶ 62 & 64). As a result, Plaintiffs argue that Defendant should be estopped from terminating their life insurance coverage.

Plaintiffs now seek class certification on this claim. For the Court to grant their motion, Plaintiffs must prove that the requirements of both Rule 23(a) and (b) are satisfied. As it did when addressing Plaintiffs' breach of contract claim, the Court will

first examine the requirements of Rule 23(a) and will then consider the requirements of Rule 23(b).

### A. *Rule 23(a) Requirements*

As mentioned in the Court's previous analysis, to satisfy Rule 23(a), Plaintiffs must show that all four requirements of the Rule—numerosity, commonality, typicality, and adequacy of representation—are met. Fed.R.Civ.P. 23(a). If only one prerequisite is not met, class certification is not appropriate. *Buford*, 168 F.R.D. at 348 (citing *Haywood*, 109 F.R.D. at 575).

#### 1. *Numerosity*

The Court has already addressed numerosity regarding Plaintiffs' breach of contract claim. The proposed class for the breach of contract claim and the promissory estoppel claim are identical. Therefore, for the same reasons discussed when addressing Plaintiffs' breach of contract claim, the Court finds that the numerosity requirement is satisfied.[7]

#### 2. *Commonality*

■ The second requirement of Rule 23(a) is that questions of law or fact common to the class exist. As stated previously, only one common question of law or fact is required to satisfy the Rule. *Buford*, 168 F.R.D. at 349 (citing *Georgia State Conference of Branches of NAACP*, 99 F.R.D. at 25). Moreover, "Rule 23(a) is relatively easy to satisfy." *Id.* (quoting MILLER, AN OVERVIEW OF FEDERAL CLASS ACTIONS 25). Individual claims are not required to be factually or legally identical. *See, McHenry*, 1998 WL 512942 at *4 (stating that "factual differences may exist among plaintiffs because they do not need to share identical claims"); *Buford*, 168 F.R.D. at 349 (stating that "minor differences in the underlying facts of individual class members' cases do not defeat a showing of commonality where there are common

questions of law" and "there is no requirement of complete identity of legal claims among class members") (citations omitted). Not just any common issue will do, however, for the Court must find "a common issue the resolution of which will advance the litigation." *Sprague*, 133 F.3d at 397.

Under Eleventh Circuit precedent, there is a "very narrow common law doctrine under ERISA for equitable estoppel when (1) the provisions of the plan at issue are ambiguous, and (2) representations are made which constitute an oral interpretation of the ambiguity." *Glass v. United of Omaha Life Ins. Co.*, 33 F.3d 1341, 1347 (11th Cir.1994) (citing *Kane v. Aetna Life Ins.*, 893 F.2d 1283, 1285–86 (11th Cir.1990)). In addressing the Plaintiffs' promissory estoppel claim, then, the Court must address whether the plan's provisions are ambiguous and whether Plaintiffs' received oral representations of those ambiguous provisions. These issues must be addressed for each proposed class member and are therefore common to each claim, indicating that the commonality requirement is satisfied.[8]

Defendant, however, argues that Rule 23(a)(2) is not met because the issues presented by Plaintiffs' promissory estoppel claim is not susceptible to class-wide proof. It is true that "under the Rule 23(a)(2) commonality requirement, a class action must involve issues that are susceptible to class-wide proof." *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir.2001) (citing *Hudson*, 90 F.3d at 457). Defendant argues that the testimony of each class member will be required to show reliance, an element critical to any promissory estoppel claim. *Glass*, 33 F.3d at 1347. The Court agrees with Defendant that to presume reliance would not be appropriate and that, therefore, reliance would have to be proven by individual testi-

---

7. The Court notes that Defendants do not contest the numerosity requirement on this claim.

8. Defendant cites two Eleventh Circuit cases in support of its contention that the commonality requirement is not met in a case where issues of reliance are essential. *Hudson*, 90 F.3d at 457; *Alday v. Container Corp. of Am.*, 906 F.2d 660

(11th Cir.1990). However, in neither of these cases did the plaintiffs assert promissory estoppel causes of action. Therefore, the courts in neither case had occasion to consider the common law doctrine for promissory estoppel cases under ERISA. Accordingly, the Court finds these cases distinguishable.

mony.[9]

However, unless Plaintiffs were seeking certification pursuant to Rule 23(b)(3), which they are not, "there is no requirement ... that issues subject to generalized proof predominate over those subject to individualized proof." *Id.* (citing *Rutstein v. Avis Rent–A Car Sys., Inc.,* 211 F.3d 1228, 1233 (11th Cir.2000); *Barnes v. Am. Tobacco Co.,* 161 F.3d 127, 143 (3d Cir.1998); *Jackson v. Motel 6 Multipurpose, Inc.,* 130 F.3d 999, 1005 (11th Cir.1997) ("The predominance inquiry ... is far more demanding than Rule 23(a)'s commonality requirement.")). As stated previously, one issue common to all the claims is whether a provision of the plan is ambiguous. This issue would certainly be susceptible to class-wide proof. The use of subclasses and individual hearings could then be used to determine issues of reliance. *See In re Unisys Corp. Retiree Med. Benefits ERISA Litig.,* MDL No. 969, 1994 WL 284079, at *27 (E.D. Pa. June 23, 1994) (*aff'd* 57 F.3d 1255 (3d Cir.1995)) (stating that "because some plaintiffs have stronger cases than others based on their specific inquiries and the information given to them personally, the court finds that subclasses, and possibly even individual hearings, will be necessary to adjudicate these claims"); *Feret v. CoreStates Fin. Corp.,* No. Civ. A. 97–6759, 1998 WL 512933, at *9 (E.D.Pa. Aug.18, 1998) (citing *In re Unisys,* 1994 WL 284079, at *27). While having to hold over one thousand individual hearings seems daunting, it is less so than having over one thousand individual suits. The Court, therefore, remains steadfast in its conclusion that the commonality requirement is satisfied.

### 3. Typicality

■ The third requirement of Rule 23(a) is that Plaintiffs' claims be typical of those of the proposed class members. Fed.R.Civ.P. 23(a)(3). As explained in a previous section of this Order, the typicality requirement "primarily directs the district court to focus on whether named representatives' claims have the same essential characteristics as the claims of the class at large." *De La Fuente v. Stokely–Van Camp, Inc.,* 713 F.2d 225 at 232 (7th Cir.1983). Moreover, "the typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members." *Id.; see also Penn v. San Juan Hosp., Inc.,* 528 F.2d 1181 at 1189 (10th Cir.1975). Thus, "a strong similarity of legal theories will satisfy the typicality requirement despite substantial factual differences." *Buford,* 168 F.R.D. at 350 (quoting *Appleyard,* 754 F.2d at 958).

Plaintiffs assert that their claims are typical of the proposed class because the promissory estoppel claim arises out of Independent Life's pattern and practice of uniformly advising employees that upon retirement, they would keep their group life insurance for life at company expense. Defendants, however, argue that the typicality requirement is not met because each claim depends on the representations made to each individual proposed class member and that class member's individual reaction to those representations. Applying the above standard, the Court agrees with Plaintiffs.

This case is likely to present substantial factual differences among the claims of the proposed class members. So far, Plaintiffs have presented only one letter sent to retir-

---

9. Plaintiffs argue that individual testimony regarding reliance is not required in this case because they can prove each individual's reliance through circumstantial evidence. The Court is willing to accept that circumstantial evidence of reliance can be acceptable in some situations, but does not agree that it is acceptable in this case.

Plaintiffs argue that the reliance of the proposed class members is clear because out of over 1400 retirees, only 44 accepted an offer from Independent Life to sell back half of their life insurance benefits in exchange for an increased pension check. While the Court agrees that ac-

tions can sometimes speak louder than words, it does not find that necessarily to be the case here. There is a myriad of possible reasons to explain why only 44 retirees accepted the offer to receive a larger pension check. Some of them might never have received the offer. Some of them might have planned to accept the offer, but forgot about it. Some might have understood the risk that their life insurance could be cancelled, but decided to take the risk anyway. As a result, the Court concludes that individual testimony would be needed to prove the reliance element of Plaintiffs' promissory estoppel claim.

ees by the company that provided a uniform message to proposed class members.[10] That letter was sent to only 197 out of over 1400 potential class members. All other proof of representations made to class members other than written plan documents, then, would consist of oral representations, all of which are most likely unique to each individual. Moreover, none of the 197 class members who received the same letter referring to "lifetime" benefits are likely to have reacted to that letter in the exact same way. Therefore, each class member's reliance claim is almost certainly substantially different in a factual sense than the others.

However, the case law states that even substantial factual differences do not prevent class certification if there is a strong similarity of legal theories. *Buford*, 168 F.R.D. at 350 (quoting *Appleyard*, 754 F.2d at 958). Here, each class member's claim is based on an identical legal theory—promissory estoppel. According to Plaintiffs, all the proposed class members would argue that based on certain representations made by Independent Life, they believed that their life insurance benefits were guaranteed for life, and that they relied to their detriment on those representations. Therefore, based upon the strong similarity of legal theories, the Court finds that the typicality requirement of Rule 23(a)(3) is met.

#### 4. Adequacy of Representation

The final requirement of Rule 23(a) is that "the representative parties fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). As explained previously, this requirement consists of two components: (1) adequacy of the named representatives, and (2) adequacy of counsel. *Buford*, 168 F.R.D. at 351; *McHenry*, 1998 WL 512942 at *7. The Court will first consider Plaintiffs' adequacy as class representatives, and then the adequacy of Plaintiffs' counsel.

**10.** Plaintiffs have also relied on a memorandum to support their claim. However, it is not clear if this memorandum was distributed to employees and if so, how many. The Court notes that

#### a. Adequacy of Plaintiffs

This component of Rule 23(a) was already addressed in the Court's analysis of the certification of Plaintiffs' breach of contract claim. There, the Court explained that the adequacy of the named representatives component requires that "the interest of the class representative[s] is not antagonistic to or in conflict with other members of the class." *Buford*, 168 F.R.D. at 351 (citing *Griffin*, 755 F.2d at 1533; *Meyer*, 106 F.R.D. at 361). As done with respect to the breach of contract claim, Defendant claims that Plaintiffs are not adequate representatives because they have failed to exhaust their administrative remedies under the plan, therefore precluding them from asserting claims on behalf of the class. The Court's analysis on this issue is the same for the breach of contract and promissory estoppel claims. For the same reasons discussed when addressing Plaintiff's breach of contract claim, the Court finds that Plaintiffs are adequate as class representatives.

#### b. Adequacy of Counsel

Again, this component of the Rule has been fully addressed in a previous section. The Court finds that Plaintiffs' counsel is no less adequate to represent Plaintiffs on one count as on the other. Therefore, without repeating the analysis already set forth above, the Court concludes that Plaintiffs' counsel is adequate to serve as class counsel.

### B. Rule 23(b) Requirements

The Court will now address whether the requirements of Rule 23(b) are met with regard to Plaintiffs' promissory estoppel claim. As they did for their breach of contract claim, Plaintiffs assert that certification is proper pursuant to Rule 23(b)(1)(A) and Rule 23(b)(2). The Court will address each of these subsections in turn.

#### 1. Rule 23(b)(1)(A)

 As noted previously, Rule 23(b)(1)(A) states that

the distribution of this memorandum does not affect the Court's analysis, as will be explained later in this Order.

an action may be maintained as a class action if ... the prosecution of separate actions by or against individual members of the class would create a risk of ... inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class.

Fed.R.Civ.P. 23(b)(1)(A). To satisfy this rule, Plaintiffs must demonstrate more than the risk that some plaintiffs may prevail and others may not in individual actions. *Davenport*, 125 F.R.D. at 120; *Nat'l Union Fire Ins. Co. of Pittsburgh*, 158 F.R.D. at 687. Rather, this rule is generally "satisfied only in the event that inconsistent judgments in separate suits would trap the party opposing the class 'in the inescapable legal quagmire of not being able to comply with one such judgment without violating the terms of another.'" *Id.* (citing *Walker*, 341 F.Supp. at 1131; *Sembach*, 86 F.R.D. at 192; *McDonnell Douglas*, 523 F.2d at 1086; *Flanagan*, 425 U.S. at 911, 96 S.Ct. at 1506; *In re Itel*, 89 F.R.D. at 125.); *see also* 5 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 23.41[2][a] (3d ed.2002).

For the same reasons this Court found that this subsection of Rule 23 is not satisfied for the breach of contract claim, the Court similarly finds that Rule 23(b)(1) is not satisfied for the present claim. In fact, the Court is even more firm in its conclusion on the promissory estoppel claim. In many of the individual claims each class member would be relying on representations made to him or her and no one else. Because the class members' claims would not be based on identical representations or identical reactions to those representations, it might be entirely appropriate that only some of the class members prevail. This result would not subject Defendant to contradictory standards of conduct because it would be based on Defendant's conduct with respect to each individual class member. Therefore, the Court concludes that Rule 23(b)(1) is not satisfied.

**2. Rule 23(b)(2)**

■ To warrant class certification pursuant to Rule 23(b)(2), Plaintiffs must show that Defendant "has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R.Civ.P. 23(b)(2). Here, the individualized nature of the promissory estoppel claim precludes class certification. Because each individual's reliance would be in question, including what representations were made to that class member and how that individual reacted to the representation, there would be no way to say with any certainty that the same relief would be appropriate for all class members.

The named Plaintiffs have asserted that Independent Life made different representations to them. These representations came in different forms including letters and conversations.[11] Each class member's reliance is a product of all the representations they were given. Even assuming that there was a single common communication made to all class members, there may have been additional representations as well. In fact, the named Plaintiffs assert reliance on information conveyed to them through conversations with company representatives. The Court cannot look solely at one representation and exclude from its consideration all others. *In re Sears Retiree Group Life Ins. Litig.*, 198 F.R.D. 487, 490 (N.D.Ill.2000).

Therefore, because the nature of a promissory estoppel claim is individualized, and because it is clear that the Plaintiffs and the proposed class received varied representations regarding their life insurance benefits, the Court cannot find that Rule 23(b)(2) is satisfied. Whether an individual class member was entitled to recover would depend on his or her own circumstances and would have little to no bearing on whether another class member might also be entitled to recover on

---

**11.** As mentioned in a previous footnote, Plaintiffs have also relied on the existence of a memorandum that may or may not have been distributed by Independent Life to employees. The Court does not at this time conclude whether that memorandum was distributed, but merely notes that its analysis is the same whether or not it was distributed. The Court must consider all representations made to employees on which they relied.

a promissory estoppel cause of action.[12] Accordingly, Plaintiffs have not satisfied all of the requisites of class certification pursuant to Rule 23 making class certification as to their promissory estoppel claim inappropriate.

## CONCLUSION

Based upon the foregoing analysis, the Court finds that Plaintiffs' motion must be **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' breach of contract claim is appropriate for class certification, while their promissory estoppel claim is not. Further, Plaintiffs' Request for Hearing on Class Certification is **DENIED** as moot. (Doc. 163).

---

**12.** Plaintiffs have not claimed that class certification would be appropriate pursuant to Rule 23(b)(3). The Court has nevertheless considered the appropriateness of certification under that subsection of the Rule and has found that it would not be appropriate. Rule 23(b)(3) states that class certification is appropriate when "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3). Here, the common issues clearly do not predominate over the individual issues of reliance.

Additionally, the Court has considered the appropriateness of certification under Rule 23(b)(1)(B). Rule 23(b)(1)(B) allows for certification when

the prosecution of separate actions by or against individual members of the class would create a risk of ... adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests[.]

Fed.R.Civ.P. 23(b)(1)(B). This subsection "focuses on the members of the putative class and seeks to protect them against situations in which they would be prejudiced by separate litigation." The individualized elements of the promissory estoppel claim eliminate the risk of prejudice to those not participating in the suit. Therefore, Rule 23(b)(1)(B) is also not met in this case.